■ BOARD OF MANAGERS OF THE AMHERST CONDOMINIUM, Respondent, v CC MING (USA) LTD. PARTNERSHIP, Care of ALFRED SIM, Appellant, et al., Defendants. [795 NYS2d 184]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 6, 2003, which granted plaintiff recovery against defendant-appellant of condominium common charges in the principal amount of $196,429.72, plus interest, costs and disbursements, pursuant to an order, same court and Justice, entered on or about May 2, 2003, which granted plaintiff's renewed motion for summary judgment, unanimously modified, on the law, to grant plaintiff recovery of condominium common charges in the principal amount of $69,421, representing defendant's 3.8% share of the cost of certain renovations to the exterior facade of the condominium's building, plus 16% interest from March 21, 2001, and the judgment otherwise vacated, without costs, and the remainder of plaintiff's claims severed and remanded for further proceedings in accordance

herewith. The Clerk is directed to enter an amended judgment accordingly. Appeal from the aforesaid order entered on or about May 2, 2003, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff Board of Managers of the Amherst Condominium (the Board) manages the condominium that occupies the building located at 401 East 74th Street in Manhattan. Defendant CC Ming (USA) Ltd. Partnership, care of Alfred Sim (Ming) is the owner of the commercial unit of the condominium, which holds a 3.8% interest in the building's common elements. The condominium's remaining two units are a multiple-dwelling residential unit owned by a cooperative corporation (a 93.5% interest) and a garage unit owned by an entity that is not a party to this action (a 2.7% interest).

The Board commenced this action against Ming to foreclose on a lien it filed against Ming's unit based on certain common charges allegedly owed by Ming. The judgment from which Ming appeals was entered pursuant to an order granting the Board's renewed motion for summary judgment on its claims for such common charges. For the reasons discussed below, we now modify the judgment to limit the Board's recovery at this point to the common charge representing Ming's proportionate share of the cost of certain renovations to the building's exterior facade. The judgment is vacated to the extent it granted the Board recovery on the remainder of its claims; such claims are severed and remanded for further proceedings consistent with this decision.

Although the order granting the Board summary judgment does not specifically discuss the claim for Ming's 3.8% share of the $1,826,879 cost of the exterior facade renovations, the Board was entitled to summary judgment on that claim. On appeal, Ming argues that the dispute over the facade renovation charge should be resolved in accordance with section 6.1 of the condominium bylaws, which provides that a disagreement over a unit owner's "fair share" of a common expense should be resolved by reference to an agreed-upon "experienced managing agent" or, if the parties cannot agree on such a person, by arbitration. Ming, however, waived its right to rely on the dispute resolution provision of section 6.1 by actively defending itself against the facade renovation claim in this action for more than three years before invoking section 6.1 for the first time on this appeal (see Sherrill v Grayco Bldrs., 64 NY2d 261 [1985]). Further, the existing record establishes that the exterior facade renovations were authorized by the Board as required by the bylaws, that the cost of the renovations was a "Common Expense" within

the meaning of the bylaws, and that Ming's share of the cost of the renovations is $69,421. Interest on the common charge for the facade renovations, at the rate provided by the bylaws, accrues from March 21, 2001, the date of the Board's first request that Ming pay such charge.

The Board's remaining claims are for attorneys' fees and other costs it incurred in connection with two prior litigations between Ming and itself. The actions related to disputes over excessive noise emanating from the business of one of Ming's tenants and over awnings in front of the commercial unit. The Board argues that it is entitled to recover such costs pursuant to section 9.4 of the condominium bylaws, which provides in pertinent part: "All sums of money expended, and all costs and expenses incurred, by . . . the Condominium Board in connection with the abatement, enjoinment, removal, or cure of any violation, breach, or default committed by a Unit Owner [as authorized by other bylaw provisions] . . . shall be immediately payable by . . . such Unit Owner to the Condominium Board . . . . All sums payable by a Unit Owner to the Condominium Board pursuant to the terms of this Section 9.3 [sic] shall, for all purposes hereunder, constitute Common Charges payable by such Unit Owner."

We hold that the Board is not entitled, at this juncture, to summary judgment on its claims for litigation expenses, since a question exists as to whether the prior litigation was occasioned by any "violation, breach, or default" by Ming of its obligations as a unit owner. Ming denies that it committed any such breach, and the Board has not established that Ming did commit such a breach, either in this action or in the prior actions, neither of which was litigated to judgment. The business judgment rule does not apply to actions taken by the Board "outside the scope of its authority" (*40 W. 67th St. v Pullman*, 100 NY2d 147, 155 [2003]; *see also Board of Mgrs. of 229 Condominium v J.P.S. Realty Co.*, 308 AD2d 314, 316-317 [2003] [holding that a triable issue existed as to whether a condominium board of managers acted outside the scope of its authority in assessing the expenses of the condominium's residential unit to the condominium, and that the business judgment rule did not insulate that determination from judicial scrutiny]). Here, the Board's charging to Ming of its expenses in the prior litigation was within the scope of its authority under the bylaws only to the extent such litigation was occasioned by Ming's breach of its obligations as a unit holder. Ming is entitled to have the issue of its breach or nonbreach of its obligations adjudicated in this action.

Our decision in the prior appeal in this action (308 AD2d 380

[2003]), in which we affirmed the denial of Ming's motion for summary judgment dismissing the complaint, is not to the contrary. Although we stated therein that "the subject bylaws do not condition the right of the condominium to recoup litigation-related expenses as common charges upon a judicial determination that a unit owner breached or violated a bylaw provision" (*id.*), that statement was a rejection of Ming's argument that the Board could not assess common charges based on such expenses until there was a judicial determination that Ming had committed a breach. While an assessment of such charges need not await an adjudication of the issue of breach, Ming is entitled to raise the alleged absence of breach as a defense in the Board's action seeking to recover the charges. Of course, in the event the Board prevails, interest will be computed from the date of the assessment.

We note that insofar as the Board also seeks to recover its attorneys' fees in this action attributable to its efforts to recover the assessment for the facade renovation, the Board is entitled to recover such fees, given that Ming's failure to pay the assessment is a breach. We cannot, however, determine the amount of such fees from the present record, and we therefore remand that claim for final adjudication in the further proceedings to be had below. Concur—Friedman, J.P., Marlow, Nardelli and Gonzalez, JJ.