■ Board of Managers of the Warren House Condominium, Respondent, v Lilo Pike, Appellant. [847 NYS2d 192]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered February 13, 2007, which, in an action by a condominium board seeking ejectment of a unit owner for creating a nuisance, insofar as appealed from, denied defendant's motion to compel plaintiff's (1) consent to defendant's renting of the unit and (2) removal from its books and records of defendant's purported obligation to pay the sum of money representing its legal costs incurred in prosecuting this action, unanimously modified, on the law and the facts, to direct that plaintiff remove such purported obligation from its books and records, and to remand for further proceedings consistent herewith, and otherwise affirmed, without costs.

Plaintiff condominium board denied defendant unit owner's request to rent her unit because, it claims, defendant owes it attorneys' fees it incurred in prosecuting this action, as well as unpaid common charges. It appears that on February 26, 2003, upon defendant's failure to appear for trial, judgment was pronounced in plaintiff's favor and a hearing directed on the issue of its attorneys' fees; that hearing was held on April 11, 2003, also in defendant's absence. On April 23, 2003, a judgment was entered permanently enjoining defendant's occupancy of the unit and her ejectment therefrom on findings that she had created a nuisance and violated the condominium's bylaws; that judgment, although reciting that an inquest had been held, contained no directives for the payment of money. On May 1, 2003, a judgment awarding plaintiff $21,832.46 in attorneys' fees was issued but never entered. Finally, on September 23, 2003, an order was entered granting a motion by defendant to vacate a default. While the record does not contain the moving papers, and the court's handwritten decision indicates only that a motion to vacate a default judgment was being granted on condition that defendant pay plaintiff's motion costs, plaintiff's opposition papers indicated that the motion was addressed only to the April 23 judgment. The decision underlying the order on appeal indicates that the May 1 judgment is still viable.

We hold that the vacatur order of September 23, which

concededly nullified the underlying findings in the April 23 judgment that defendant was a nuisance and in violation of the condominium's bylaws, necessarily nullified as well the award of attorneys' fees in the May 1 judgment, notwithstanding that it did not specify that both judgments were being vacated. Although two separate judgments were issued, it was defendant's single default in appearing for trial that resulted in the court granting all of the relief sought by plaintiff. Thus, the award of attorneys' fees cannot be included as part of the unpaid common charges owed by defendant to the condominium, and asserted by plaintiff as a reason for denying defendant permission to rent her unit. Nor does section 9.4 of the condominium's bylaws, which requires a unit owner to immediately reimburse the condominium for all costs it incurs in removing or curing a "violation, breach, or default" of the bylaws, and deems such costs to be additional common charges, entitle plaintiff, at this juncture, before there has been a judicial determination of any such violation, breach or default, to condition its consent to rent on payment of its attorneys' fees (see Board of Mgrs. of Amherst Condominium v CC Ming [USA] Ltd. Partnership, 17 AD3d 183, 185-186 [2005]).

Issues as to whether, and to what extent, there are any unpaid common charges (beyond those claimed as attorneys' fees and litigation costs) preclude, at this stage, the granting of a directive that plaintiff permit defendant to rent her condominium unit, and we accordingly remand. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.