Board of Mgrs. of the Peregrine Tower Condominium v NYC 2014 LLC (2021 NY Slip Op 02738)





Board of Mgrs. of the Peregrine Tower Condominium v NYC 2014 LLC


2021 NY Slip Op 02738


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 150552/18 Appeal No. 13747 Case No. 2020-04339 

[*1]Board of Managers of the Peregrine Tower Condominium, Plaintiff-Respondent,
v
NYC 2014 LLC, Defendant-Appellant, Charles Salcetti et al., Defendants.


The Law Offices of Michael J.S. Pontone, P.C., New York (Michael J.S. Pontone of counsel), for appellant.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.



Order, Supreme Court, New York County (James Edward d'Auguste, J.), entered March 5, 2020, which, inter alia, granted plaintiff's motion to confirm the Referee's report as to the award of attorneys' fees, unanimously affirmed, without costs.
The motion court properly determined that the attorneys' fees incurred by plaintiff in an earlier action against defendant for its violation of the condominium's prohibition on the use of units for transient occupancy were collectible in this action under the bylaws (Board of Mgrs. of Warren House Condominium v Pike, 46 AD3d 344, 345 [1st Dept 2007]). Specifically, article V, section 9 of the condominium's bylaws allows plaintiff to address violations of the bylaws via "appropriate legal proceedings," and to abate "the continuance of any such breach at the expense (including attorneys' fees) of the breaching Unit Owner," and the April 18, 2016 decision and order of the City of New York Environmental Control Board (ECB) determined that defendant had committed such a violation by permitting its unit to be used as a timeshare among its shareholders with no natural person in permanent occupancy.
Although attorneys' fees generally will not be chargeable to a unit owner as common charges under such a bylaw provision "before there has been a judicial determination of any such violation, breach or default, to condition its consent to rent on payment of its attorneys' fees" (Board of Managers of Warren House Condominium v Pike, 46 AD3d at 345), here, the ECB decision squarely determined the question of transient occupancy at issue in the earlier action. While it would have been the better course for plaintiff to have sought its fees in the action predicated on the same violation, the motion court was within its authority to deem such fees within the common charge lien under the bylaws, and the motion was properly granted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021