Mangold v Board of Mgrs. of Meadow Ct. Condominium (2025 NY Slip Op 01191)

Mangold v Board of Mgrs. of Meadow Ct. Condominium

2025 NY Slip Op 01191

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Index No. 451463/21|Appeal No. 3807|Case No. 2024-03093|

[*1]J. Marshall Mangold et al., Plaintiffs-Respondents-Appellants,
v
Board of Managers of Meadow Court Condominium et al., Defendants-Appellants-Respondents.

Braverman Greenspun, P.C., New York (Jon Kolbrener of counsel), for appellants-respondents.
Veneruso, Curto, Schwartz & Curto, LLP, Yonkers (Stephen A. Veneruso of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 30, 2024, which, insofar as appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment declaring a 2023 amendment to the condominium's bylaws void, declaring an agreement between defendants Board of Managers of Meadow Court Condominium (Board) and Skyline Windows, LLC (Skyline) for window replacement work void, permanently enjoining defendants from performing additional work under that agreement, and awarding plaintiffs a money judgment, and denied defendants' cross-motion for summary judgment dismissing the complaint, unanimously modified, on the law, to declare the agreement for window replacement work void to the extent it applies to plaintiffs and permanently enjoin defendants from performing any work in plaintiffs' unit under that agreement, and otherwise affirmed, without costs. Cross-appeal from aforesaid order, unanimously dismissed, without costs, as abandoned.
The court correctly determined that defendant Board acted beyond its authority under the bylaws when it instituted a policy requiring all unit owners to replace their in-unit windows where the in-unit windows were deemed a part of the unit pursuant to Meadow Court Condominium's declaration (see Pomerance v McGrath, 124 AD3d 481, 483 [1st Dept 2015], lv dismissed 25 NY3d 1038 [2015]).
Although the business judgment rule protects a board's decisions made in the condominium's interest of maintaining structural integrity (see e.g. 345 E. 50th St. LLC v Board of Mgrs. of M at Beekman Condominium, 166 AD3d 546, 546-547 [1st Dept 2018]), defendants did not submit any evidence to show that the replacement of the windows was necessary to maintain structural integrity. The Board's memorandum announcing the window replacement policy made only a passing reference to "research regarding the need to replace inefficient windows that have outlived their intended life and usefulness." Further, the Board President acknowledged that plaintiffs' windows were in "good condition." Accordingly, the business judgment rule does not shield the Board's institution of that policy from judicial review (see id.; Board of Mgrs. Of Amherst Condominium v CC Ming [USA] Ltd. Partnership, 17 AD3d 183, 185 [1st Dept 2005])
The court also correctly found that the 2023 amendment to Meadow Court's bylaws, which purported to extend the Board's authority to include dictating replacement of the in-unit windows, was invalid where it conflicted with the declaration deeming the in-unit windows part of the unit (see Real Property Law § 339-h).
However, to the extent the court declared void the entire agreement governing in-unit windows between the Board and Skyline and permanently enjoined defendants from performing any additional work, even with respect to those unit owners who voluntarily sought to replace their windows, that part of the order should be modified to the extent indicated above.
We have considered defendants' [*2]remaining arguments and find them unavailing.
We dismiss the cross-appeal as abandoned for failure to raise grounds for affirmative relief in the briefs (see Yuko Ito v Suzuki, 57 AD3d 205, 209 [1st Dept 2008]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025