**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000101
17-NOV-2021
08:14 AM
Dkt. 111 SO**

NO. CAAP-18-0000101

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


IN THE MATTER
OF
THE ESTATE OF JOHN R. STEVENS, Deceased

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(P. NO. 13-1-0362)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

This appeal arises out of a probate proceeding for the will and estate of John R. Stevens (**the Stevens Estate**). Self-represented Petitioner-Appellant Carmen K. Stevens (**Carmen**) appeals from the following documents (collectively, **the challenged orders and judgments**), entered in the Circuit Court of the First Circuit (**Probate Court**)[1]:

    (1)   the October 6, 2017 Order Regarding [Carmen's] Motion to Request Payment of Claim Filed July 16, 2015 (**October 6, 2017 Order**);

    (2)   the October 6, 2017 Judgment on [the October 6, 2017 Order];

    (3)   the January 22, 2018 Order (1) Denying [Carmen's] Petition of Objection Reconsideration and Clarification of Order Filed September 25, 2017 and (2) Granting in Part Petition to Strike [Carmen's] Petition of Objection Reconsideration and Clarification of Order Filed September 25, 2017[,] For Entry of Order Declaring Interested

---

[1] The Honorable R. Mark Browning presided.

Party [Carmen] a Vexatious Litigant, Entry of Pre-Filing Order, and for Posting of Security Filed December 5, 2017 (**January 22, 2018 Order**);

(4)   the January 22, 2018 Judgment on [the January 22, 2018 Order];

(5)   the January 22, 2018 Judgment on the award of attorneys' fees and costs (**Judgment on Fee Award**); and

(6)   the January 22, 2018 Pre-Filing Order.

On appeal, Carmen contends that: (1) venue in the First Circuit was improper; (2) the Probate Court abused its discretion and violated due process in declaring Carmen a "vexatious litigant" pursuant to Hawaii Revised Statutes (**HRS**) § 634J-1 and -7; (3) the Probate Court erred and/or abused its discretion by failing to explain its rulings and to enter written findings of fact and conclusions of law concurrently with its orders and judgments; (4) the Probate Court engaged in acts of judicial misconduct.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Carmen's points of error as follows.

(1)   Carmen contends that the First Circuit Court "has no legal venue to hear and hold this case nor to make orders and judgments."  She argues that although the case was first commenced in the First Circuit, it can only be lawfully maintained in the Third Circuit, because the decedent owned real property only in the Third Circuit and was a resident of the Third Circuit at the time of his death.

We conclude that Carmen waived any objection to venue in the First Circuit.  The record reflects, and Carmen concedes, that she initiated this probate proceeding in the First Circuit by filing her Informal Application for Appointment of Special Administrator (**Informal Application**) on June 4, 2013.  Carmen asserted in the Informal Application that "[v]enue is proper

---

[2]   Carmen's points of error have been restated and condensed for clarity.

pursuant to HRS § 560:1-303(a) & (b) and HRS § 560:3-201(b), as this is the court in which a proceeding was first commenced and as such, has the exclusive right to proceed." Similarly, in a Petition for Formal Probate of Will and Supervised Administration, filed on September 8, 2014, Carmen stated: "Venue is in this Court because at the time of death, real property of the Decedent was located in this judicial circuit[,]" i.e., the First Circuit. Carmen did not raise any objection to venue until December 14, 2016, when she filed an application for change of venue to the Third Circuit. And she did not appeal from a subsequent May 25, 2017 judgment, entered pursuant to Hawaiʻi Probate Rules (**HPR**) Rule 34(a), which certified for appeal a May 25, 2017 order denying several petitions filed by Carmen on January 11, 2017 (**May 25, 2017 Order**).[3] Under these circumstances, we conclude that Carmen waived her venue challenge. Alamida v. Wilson, 53 Haw. 398, 401, 495 P.2d 585, 588 (1972) ("Since venue requirements are based upon concepts which are unrelated to judicial power, requirements of venue may be waived." (citing Kaui v. Kauai County, 47 Haw. 271, 386 P.2d 880 (1983))); see also Haw. Rev. Stat. § 603-37.5(b) ("Nothing in sections 603-36 to 603-37.5 shall impair the jurisdiction of a circuit court of any matter involving a party who does not interpose timely and sufficient objection to the venue.").

(2) Carmen contends that the January 22, 2018 Order declaring her to be a vexatious litigant "is inconsistent and arbitrary . . . and not based on law." Carmen asserts that "al[]though my Petitions have mostly been denied . . ., every denial was made unlawfully and against rules, . . . and . . . thus all were appealable but as a layperson without experience and very little knowledge of the law, I did not at the times of those denials know my right to appeal." Carmen also argues generally that the Probate Court failed to enter written findings of fact and conclusions of law concurrently with its orders.

---

[3] It appears that the Probate Court did not formally dispose of Carmen's application for change of venue by written order. Nevertheless, the application was implicitly denied when the Probate Court issued the May 25, 2017 Order.

The supreme court has adopted an abuse of discretion standard for reviewing a trial court's vexatious litigant determination. See Ek v. Boggs, 102 Hawaiʻi 289, 294, 75 P.3d 1180, 1185 (2003). "An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principals of law or practice to the substantial detriment of a party litigant." Id. (quoting Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 119, 58 P.3d 608, 630 (2002)) (brackets omitted).

HRS § 634J-7(a) (2016) states:

> In addition to any other relief provided in this chapter, the court, on its own motion or the motion of any party, may enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this State on the litigant's own behalf without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Disobedience of this order by a vexatious litigant may be punished as a contempt of court.

In turn, HRS § 634J-1 (2016) provides, in relevant part:

> "Vexatious litigant" means a plaintiff who does any of the following:
>
> (1)  In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five civil actions other than in a small claims court that have been:
>
>   (A)  Finally determined adversely to the plaintiff; or
>
>   (B)  Unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing;
>
> (2)  After litigation has been finally resolved against the plaintiff, relitigates or attempts to relitigate in propria persona and in bad faith, either:
>
>   (A)  The validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or
>
>   (B)  The cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined;

4

(3)     In any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay; or

(4)     Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

In Trustees of the Estate of Bishop v. Au, 146 Hawaiʻi 272, 463 P.3d 929 (2020), the Hawaiʻi Supreme Court held that "a court imposing a vexatious litigant order under HRS chapter 634J is required to make findings that set forth, with reasonable specificity, the perceived misconduct, including a finding of bad faith when applicable, and the authority under which the sanction is imposed." Id. at 283, 463 P.3d at 940. The court made clear that a vexatious litigant order is a sanction order, and that "our cases establish the importance of setting forth findings of fact in a sanctioning order, regardless of the authority under which the sanctions are imposed. Id. at 283 n.21, 463 P.3d at 940 n.21 (emphasis added).

Here, the Probate Court explained the basis for ruling that Carmen is a vexatious litigant under HRS § 634J-1 in the court's April 26, 2018 Findings of Fact and Conclusions of Law (**FOFs/COLs**), which were entered after Carmen filed her notice of appeal. However, the court did not set forth in the sanctioning orders – i.e., the January 22, 2018 Order and the Pre-Filing Order – findings that describe, with reasonable specificity, the perceived misconduct and the relevant sanctioning authority. Thus, the sanctioning orders are deficient under Trustees of the Estate of Bishop to the extent they declared Carmen to be a vexatious litigant and imposed filing restrictions upon her pursuant to HRS chapter 634J.

We further conclude that the Probate Court abused its discretion in declaring Carmen to be a vexatious litigant under HRS § 634J-1(1), (2) and (3). The Probate Court made this determination based on the following findings of fact and conclusions of law:

5

FINDINGS OF FACT

. . . .

11. Carmen has filed numerous pleadings in this case. *See Carmen K. Stevens' Petition for Determination of Heirs* filed herein on July 16, 2017; *Carmen K. Stevens' Petition to Request Accounting and Distributions and Removal of Trustee/Personal Representative* filed herein on July 16, 2017; *Carmen K. Stevens' Petition for Determination of Heirs* filed herein on July 22, 2017; *Carmen K. Stevens' Petition of Demand for Bond by Interested Persons* filed herein on December 13, 2016; *Carmen K. Stevens' Petition to Appoint Master* filed herein on December 13, 2016; *Carmen K. Stevens' Application for Change of Venue* filed herein on December 14, 2016; *Carmen K. Stevens' Petition Objecting to Sale, to Void Sale and to Hold Personal Representative Liable for Restitution* filed herein on January 11, 2017; *Carmen K. Stevens' Petition for Removal of Personal Representative for Cause and Hold; Liable* [sic] filed herein on January 11, 2017.

12. Except for Carmen's Motion [to Request Payment of Claim filed July 16, 2015 (**Motion**)], each of Carmen's petitions have been denied. *See Order Denying Carmen K. Stevens' Petition to Request Accounting and Distributions and Removal of Trustee/Personal Representative and Carmen K. Stevens' Petition for Determination of Heirs* filed herein on March 1, 2016; *Order Denying Carmen K. Stevens' Petition to Appoint Master Filed 12/13/2016 & Carmen K. Stevens' Petition of Demand for Bond by Interested Persons Filed 12/13/2016* filed herein on February 7, 2017; *Order Denying Carmen K. Stevens' Petition for Inspection Filed January 11, 2017; Carmen K. Stevens' Petition for Partial Distribution Filed January 11, 2017; Carmen K. Stevens' Petition Objecting to Sale to Void Sale Etc. Filed January 11, 2017 & Carmen K. Stevens' Petition for Removal of Personal Representative for Cause* filed herein on May 25, 2017.

13. At a hearing on April 6, 2017, the Court admonished Carmen regarding her frivolous filings, in light of the fact that the assets of the Estate had been depleted.

14. Cognizant of the fact that Carmen is a pro se litigant, at a hearing on August 31, 2017, the Court advised Carmen of the procedure for obtaining a judgment from the Family Court with respect to the amount of arrearages Carmen claims are owed to her by Decedent's Estate.

15. However, instead of seeking a judgment in Family Court as instructed, Carmen attempted to seek reconsideration of this Court's October 6, 2017, *Order Regarding Carmen K. Stevens' Motion to Request Payment of Claim Filed July 16, 2015. See Carmen K. Stevens' Petition of Objection, Reconsideration, and Clarification of Order* ("Petition of Objection") filed herein on September 25, 2017.

16. Carmen did not attempt to obtain a Family Court judgment, and instead, filed her Petition of Objection,

accusing the Court of being "confused or mistaken" and stating that the Court was "not fully aware of all the details of all the documents" filed in this proceeding. Petition of Objection at 2.

17. The Court reviewed and carefully considered all of the pleadings in this case before rendering its decisions, and contrary to Carmen's assertions, was not "confused or mistaken" regarding Carmen's claims.

18. Carmen has not produced a Family Court judgment liquidating the amount of her claim, despite being advised to do so at the August 31 , 2017, hearing and in the October 6, 2017, *Order Regarding Carmen K. Stevens' Motion to Request Payment of Claim Filed July 16, 2015.*

. . . .

### CONCLUSIONS OF LAW

. . . .

5. Carmen is a vexatious litigant because she meets each of these three tests as set forth under HRS § 634J-1.

6. Construing each petition filed by Carmen as a separate "civil action," more than five civil actions have been denied in the preceding seven-year period. *See* Haw. Rev. Stat. § 634J-1; *see also Order Denying Carmen K. Stevens' Petition to Request Accounting and Distributions and Removal of Trustee/Personal Representative and Carmen K. Stevens' Petition for Determination of Heirs* filed herein on March 1, 2016 (denying one petition); *Order Denying Carmen K. Stevens' Petition to Appoint Master Filed 12/13/2016 & Carmen K. Stevens' Petition of Demand for Bond by Interested Persons Filed 12/13/2016* filed herein on February 7, 2017 (denying two separate petitions); *Order Denying Carmen K. Stevens' Petition for Inspection Filed January 11, 2017; Carmen K. Stevens' Petition for Partial Distribution Filed January 11, 2017; Carmen K. Stevens' Petition Objecting to Sale to Void Sale Etc. Filed January 11, 2017 & Carmen K. Stevens' Petition for Removal of Personal Representative for Cause* filed herein on May 25, 2017 (denying three separate petitions).

7. Second, *Carmen K. Stevens' Petition of Objection, Reconsideration and Clarification of Order*, filed herein on September 25, 2017 ("Petition of Objection"), was an attempt in bad faith to re-litigate the final determination of her Motion. See HRS § 634J-1.

8. Finally, Carmen, while acting pro se, has filed, in bad faith, unmeritorious petitions, pleadings, and other papers, and has engaged in conduct and other tactics that are frivolous or solely intended to cause unnecessary delay to this litigation, by her futile attempts to compel a distribution from an estate that is simply insolvent. *See id.*

9. Accordingly, the Court concludes that Carmen meets the definition of a "vexatious litigant," as set forth in

7

HRS § 634J-1, and entry of an order declaring Carmen to be a vexatious litigant, and entry of a pre-filing order prohibiting Carmen from filing any new litigation without leave of court, are appropriate.

In determining that Carmen qualified as a vexatious litigant under HRS § 634J-1(1), the Probate Court construed each petition filed by Carmen in the underlying proceeding "as a separate 'civil action,'" and on that basis concluded that "more than five civil actions have been denied in the preceding seven-year period." However, Carmen's petitions in the underlying proceeding were not separate civil actions for purposes of HRS § 634J-1(1).

HRS § 634J-1 defines the term "litigation," as used in HRS Chapter 634J, to mean "any civil action or proceeding, commenced, maintained, or pending in any state or federal court of record." The statute does not define the term "civil action," and the cases construing HRS Chapter 634J do not elaborate the term's meaning. See, e.g., Pennaflor v. Mossman, 141 Hawaiʻi 358, 366, 409 P.3d 762, 770 (2018) (concluding that for purposes of HRS Chapter 634J, post-conviction proceedings pursuant to Hawaiʻi Rules of Penal Procedure Rule 40 and for writ of habeas corpus under 28 U.S.C. § 2254 are not "civil actions or proceedings" and thus do not constitute "litigation" under HRS Chapter 634J). We recognize, however, that HRS § 634J-1(1) refers to a plaintiff who has commenced, prosecuted, or maintained at least five "civil actions," while § 634J-1(3) refers to a plaintiff who has filed, in bad faith, "unmeritorious motions, pleadings, or other papers[.]" The legislature's use of different words in these two subsections suggests that the term "civil actions" is not synonymous with the terms "motions, pleadings, or other papers." See Trustees of the Estate of Bishop, 146 Hawaiʻi at 280, 463 P.3d at 937 ("When the legislature uses different words in a statute, . . . the different words are presumed to have different meanings."); Ass'n of Condo. Homeowners of Tropics at Waikele v. Sakuma, 131 Hawaiʻi 254, 256, 318 P.3d 94, 96 (2013) ("Courts are bound to give effect to all parts of a statute, and that no clause, sentence, or word shall be construed as superfluous, void, or insignificant

8

if a construction can be legitimately found which will give force to and preserve all words of the statute." (brackets omitted) (quoting Keliipuleole v. Wilson, 85 Hawaiʻi 217, 21, 941 P.2d 300, 304 (1997))).

In examining extrinsic sources, we note that Black's Law Dictionary defines "civil action" as "[a]n action brought to enforce, redress, or protect a private or civil right; a noncriminal litigation." Black's Law Dictionary (11th ed. 2019); see State v. Nilsawit, 139 Hawaiʻi 86, 91-92, 384 P.3d 862, 867-68 (2016) (citing Black's definition of "civil action" in construing the term "civil matter" in HRS § 641-1). The relevant civil procedure and probate rules are also instructive. Hawaiʻi Rules of Civil Procedure (**HRCP**) Rules 2 and 3 state, respectively: "There shall be one form of action to be known as 'civil action[,]'" and "[a] civil action is commenced by filing a complaint with the court." HRCP Rule 7 identifies the pleadings allowed in a civil action (e.*g*., a complaint and an answer) and states that "[a]n application to the court for an order shall be by motion . . . ." In contrast, HPR Rule 2 provides: "There shall be one form of action for any case to which these rules apply, which shall be known as a 'proceeding[.]'" The Commentary to HPR Rule 2 states in part: "Regular civil cases and family court cases are referred to as 'civil actions.' The Uniform Probate Code generally refers to all actions thereunder as 'proceedings.'" HPR Rule 3(a) identifies the form of pleadings allowed in a probate proceeding as follows:

> (a) *Form*. There shall be a petition and a response or objection. For purposes of these rules, an application in an informal proceeding is a petition, unless the context of the rule indicates otherwise. Persons may file a joinder, response, or objection to a petition . . . . Persons may file a memorandum in support of their pleadings. . . . Every petition, except one entitled to be heard ex parte, shall be accompanied by an order setting date, time, and place of hearing . . . .

The Commentary to HPR Rule 3(a) states in part:

> To simplify probate proceedings, to distinguish them from civil actions, and to address the confusion that currently exists with respect to the proper form of pleadings in trust and other proceedings, all requests for court relief or action shall be initiated by a petition. Motions as a form would be prohibited, except where the

9

> contested matter has been assigned to the regular civil
> calendar pursuant to Rule 20, during which assignment the
> [HRCP] would apply.

Thus, under the respective civil procedure and probate rules, a civil action is analogous to, though not necessarily synonymous with, a probate proceeding, and a pleading or motion in a civil action is analogous to, though not necessarily synonymous with, a petition in a probate proceeding. A petition in a probate proceeding, however, is plainly not synonymous with a civil action. This conclusion is further supported by HPR Rule 34, which provides that, except for certain identified appealable judgments, "[a]ny other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided Rule 54(b) of the [HRCP]." In other words, fully resolving a petition does not necessarily end a probate proceeding, in the same way that fully resolving a pleading or motion does not necessarily end a civil action – *i.e.*, a petition may be analogous to a pleading or a motion, but it is not synonymous with a civil action. Therefore, the Probate Court erred in construing each petition filed by Carmen in the underlying proceeding as a separate civil action and in concluding on that basis that more than five civil actions had been denied in the preceding seven-year period.

In determining that Carmen qualified as a vexatious litigant under HRS § 634J-1(2), the Probate Court concluded that Carmen's September 25, 2017 Petition of Objection "was an attempt in bad faith to re-litigate the final determination of her Motion." In determining that Carmen qualified as a vexatious litigant under HRS § 634J-1(3), the Probate Court concluded that Carmen "has filed, in bad faith, unmeritorious petitions, pleadings, and other papers, and has engaged in conduct and other tactics that are frivolous or solely intended to cause unnecessary delay to this litigation, by her futile attempts to compel a distribution from an estate that is simply insolvent." Both of these conclusions rest on the Probate Court's determination that Carmen acted "in bad faith." See Trustees of the Estate of Bishop, 146 Hawaiʻi at 281, 463 P.3d at 938 ("to

10

meet the definition of a vexatious litigant under either HRS § 634J-1(2) or (3), the plaintiff must have acted in bad faith"). However, the FOFs/COLs were "deficient because [they] failed to specify the perceived misconduct that constituted bad faith and the court's findings were not tantamount to a finding of bad faith." Id. at 283, 463 P.3d at 940. Based on FOF 13, it appears that the Probate Court considered Carmen's various petitions to be "frivolous," "in light of the fact that the assets of the Estate have been depleted." Yet the Probate Court also faulted Carmen for filing the Petition of Objection without first obtaining a Family Court judgment liquidating the amount of her claim against the decedent's estate, as instructed by the Probate Court. These findings do not appear to be entirely consistent, and they are not tantamount to a finding of bad faith. We thus conclude that the Probate Court's findings do not support its determination that Carmen acted in bad faith, for purposes of deeming her a vexatious litigant under HRS § 634J-1(2) or (3).

Accordingly, under Trustees of the Estate of Bishop, we must vacate the challenged orders and judgments to the extent they declared Carmen to be a vexatious litigant and imposed filing restrictions upon her pursuant to HRS chapter 634J.

Because we are vacating the challenged orders and judgments to this extent, we must also vacate the corresponding award of attorney's fees and costs entered in favor of the Stevens Estate. See Ass'n of Owners of Kalele Kai v. Yoshikawa, 149 Hawaiʻi 417, 420-21, 493 P.3d 939, 942-43 (2021). In particular, the January 22, 2018 Order enters judgment in favor of the Stevens Estate and against Carmen in the amount of $6,756.93, for attorneys' fees and costs "incurred in connection with the defense against the Petition of Objection, together with post-judgment interest thereon . . ., subject to the filing of an affidavit in support thereof." The Judgment on Fee Award reduces that portion of the January 22, 2018 Order to a separate judgment in the amount of $6,756.93. The affidavit supporting the award does not differentiate between fees and costs incurred by the Stevens Estate in opposing the Petition of Objection and in

11

seeking entry of an order declaring Carmen to be a vexatious litigant. Accordingly, we vacate the award of attorney's fees and costs in the amount of $6,756.93 entered in favor of the Stevens Estate and against Carmen.

Because we vacate the challenged orders and judgments to the extent they declared Carmen to be a vexatious litigant, we also deny Personal Representative-Appellee Jan Janette Peterson's (**Peterson**) motion for judicial notice, filed on August 16, 2018, and renewed motion for judicial notice, filed on December 5, 2018, as moot.[4/]

(3) Carmen contends generally that the Probate Court erred and/or abused its discretion by failing to explain its rulings and to enter written findings of fact and conclusions of law concurrently with its orders and judgments. We have resolved this issue with respect to the challenged orders and judgments to the extent they declared Carmen to be a vexatious litigant and imposed filing restrictions upon her pursuant to HRS chapter 634J. See supra. Carmen presents no discernible argument with respect to any other specific ruling of the Probate Court over which we have jurisdiction. We thus deem the issue waived. See HRAP Rule 28(b)(7).

(4) Carmen contends that the Probate Court violated Hawaiʻi Revised Code of Judicial Conduct Rule 2.5 and Principles of Professionalism for Hawaiʻi Judges Principle 7 by failing to explain the court's rulings and by failing to enter written findings of fact and conclusions of law concurrently with its orders. Carmen seeks "[r]ecusal of Judge R. Mark Browning" as relief on appeal.

It does not appear that Carmen raised these allegations of judicial misconduct or sought Judge Browning's recusal in the Probate Court. See State v. Gonzalez, 128 Hawaiʻi 314, 317, 288 P.3d 788, 791 (2012) (noting that failure to properly raise issue

_____

[4/] Peterson sought judicial notice of certain pleadings filed in other lawsuits that Carmen purportedly initiated, as relevant to whether the Probate Court erred in concluding that Carmen qualified as a "vexatious litigant" under HRS § 634J-1. It appears that these pleadings were not part of the record that the Probate Court considered in ruling on this issue. Regardless, these pleadings cannot cure the Probate Court's failure to include appropriate findings in the sanctioning orders.

at trial level precludes party from raising that issue on appeal (quoting State v. Kikuta, 125 Hawaiʻi 78, 89, 253 P.3d 639, 650 (2011))).  A party seeking disqualification or recusal of a judge "must timely present the objection, either before the commencement of the proceeding or as soon as the disqualifying facts become known."  Office of Disciplinary Counsel v. Au, 107 Hawaiʻi 327, 338, 113 P.3d 203, 214 (2005); Chen v. Hoeflinger, 127 Hawaiʻi 346, 361, 279 P.3d 11, 26 (App. 2012). "Litigants cannot take the heads-I-win-tails-you-lose position of waiting to see whether they win and if they lose moving to disqualify a judge who voted against them."  Au, 107 Hawaiʻi at 339, 113 P.3d at 215 (quoting Schurz Communications, Inc. v. Fed. Communications Comm'n, 982 F.2d 1057, 1060 (7th Cir. 1993)).  Because Carmen failed to raise her allegations of judicial misconduct or to seek Judge Browning's recusal in the Probate Court, this basis for appeal was waived.  See id.; Gonzalez, 128 Hawaiʻi at 317, 288 P.3d at 791.

Therefore, we vacate the Pre-Filing Order and the Judgment, entered on January 22, 2018, in the Circuit Court of the First Circuit.  We also vacate the following, entered on January 22, 2018, in the Circuit Court of the First Circuit, to the extent they declare Carmen K. Stevens to be a vexatious litigant and impose filing restrictions upon her pursuant to HRS chapter 634J, and to the extent they enter an award of attorney's fees and costs in the amount of $6,756.93 in favor of the Stevens Estate and against Carmen K. Stevens:

> (1) Order (1) Denying Carmen K. Stevens' Petition of Objection Reconsideration and Clarification of Order Filed September 25, 2017 and (2) Granting in Part Petition to Strike Carmen K. Stevens' Petition of Objection Reconsideration and Clarification of Order Filed September 25, 2017, For Entry of Order Declaring Interested Party Carmen K. Stevens a Vexatious Litigant, Entry of Pre-Filing Order, and for Posting of Security Filed December 5, 2017; and
>
> (2) Judgment on Order (1) Denying Carmen K. Stevens' Petition of Objection Reconsideration and Clarification of Order Filed September 25, 2017 and (2) Granting in

13

Part Petition to Strike Carmen K. Stevens'
Petition of Objection Reconsideration and
Clarification of Order Filed September 25,
2017, For Entry of Order Declaring Interested
Party Carmen K. Stevens a Vexatious Litigant,
Entry of Pre-Filing Order, and for Posting of
Security Filed December 5, 2017.

We affirm in all other respects.

DATED:  Honolulu, Hawai'i, November 17, 2021.

On the briefs:

Carmen K. Stevens
Self-represented Petitioner-
Appellant.

Douglas C. Smith,
Madeleine M.V. Young, and
Ross Uehara-Tilton
(Damon Key Leong Kupchak
Hastert)
for Personal Representative-
Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge