STATE OF HAWAII, Plaintiff-Appellee, v. JUDAH ELMALEH, Defendant-Appellant

NO. 13230

(CRIMINAL NO. 88-0190)

AUGUST 24, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant Judah Elmaleh (Defendant) appeals his conviction by a jury of Robbery in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-841(1)(a) (Supp. 1988).[1] Defendant contends that (1) the trial court abused its discretion in denying his motion for mistrial or to strike the testimony of the complaining witness, Mia Marie Reuther (Reuther), because the State of Hawaii (State) violated the witness exclusion or sequestration rule, and (2) the court erred in denying his motion for judgment of acquittal since "a reasonable minded juror could not have concluded beyond

---

[1] Hawaii Revised Statutes § 708-841(1)(a) (Supp. 1988) provides:

Robbery in the second degree. (1) A person commits the offense of robbery in the second degree if, in the course of committing theft:

(a) He uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance[.]

a reasonable doubt that he was guilty of the offense of robbery in the second degree." We affirm.

## I.

On January 18, 1988, Honolulu Police Officer Robert Hoopii, Jr. (Officer Hoopii) arrested Defendant for robbery after Reuther informed him that Defendant had forcibly taken $155 from her. Defendant was subsequently charged and tried for Robbery in the Second Degree.

On May 24, 1988, the first day of the jury trial, the State completed its direct examination of Officer Hoopii. The next morning, after completion of Officer Hoopii's testimony, the State called Reuther as a witness. During her cross-examination, Reuther stated that before the court session began that morning she met the prosecuting attorney and Officer Hoopii in the witness room. Reuther testified as follows:

Q. [By defense counsel] [Y]ou're telling me that you were sitting in a room with Officer Hoopii and Ms. Tamashiro [the deputy prosecuting attorney] and you were discussing Officer Hoopii's testimony?

A. Miss Tamashiro was reviewing with [O]fficer Hoopii and asking him some questions to get I guess her fresh on what he was saying or whatever. And I had a word or two.

Q. But you heard the whole conversation between Ms. Tamashiro and [O]fficer Hoopii?

A. While they were in the room, I heard the whole conversation.

Q. She didn't ask you to leave?

A. No.

May 25, 1988 Transcript at 73-74. At this point, Defendant did not raise any objection of a possible violation of a witness exclusion or sequestration order.

However, on the next day after both parties had rested and jury instructions had been settled in chambers, Defendant moved for a mistrial on the ground that the prosecuting attorney's discussion with Officer Hoopii concerning his testimony in the presence of Reuther violated "the spirit and intent" of the witness exclusion

rule. May 26, 1988 Transcript at 27. After the motion was denied, Defendant moved to strike Reuther's testimony. The motion to strike was also denied.

After the jury returned a guilty verdict, Defendant filed a motion for a new trial and a motion for judgment of acquittal. Both motions were denied. Defendant's timely appeal followed his sentencing.

## II.

Hawaii Rules of Evidence (HRE) Rule 615 provides in relevant part that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion." HRE Rule 615 is identical with Rule 615 of the Federal Rules of Evidence. Therefore, we will refer to federal case law for assistance in the construction and application of our Rule 615.

## A.

Under HRE Rule 615, a witness sequestration order will issue upon a request of a party, which is "a matter of right." *United States v. Ell,* 718 F.2d 291, 292 (9th Cir. 1983); *see also* Commentary to HRE Rule 615. The rule also allows the court to make an exclusion order on its own motion. Thus, the record of a case should reflect whether a party or the court invoked the rule.

The record of this case, however, is silent regarding the invocation of the rule. There is no indication as to whether the State, Defendant, or the trial court invoked the rule and, if so, when it was invoked and what instructions the court gave the witnesses and the attorneys.[2] The trial transcript indicates, however, that the parties and the trial court proceeded on the basis that HRE Rule 615 had been invoked. Consequently, we will consider the appeal on that basis.

---

[2] At the time Defendant moved for a mistrial, his attorney stated, "I believe that the exclusionary rule was invoked by this Court." May 26, 1988 Transcript at 26. The trial transcript begins with the State's opening statement. Thus, if the trial court issued a witness exclusion order before the State's opening statement, it is not included in the record.

Hereafter, if an issue on appeal involves HRE Rule 615 and the record on appeal does not include the facts as to who invoked the rule, when it was invoked, and what orders or instructions the trial court gave regarding witness sequestration, we will disregard that issue.

### B.

The purpose of HRE Rule 615 is "to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." *Miller v. Universal City Studios, Inc.,* 650 F.2d 1365, 1373 (5th Cir. 1981); *see also* Commentary to HRE Rule 615. Although the explicit wording of the rule provides for a court order merely excluding prospective witnesses from the courtroom, the federal courts have not countenanced the circumvention of the rule.[3] *United States v. Buchanan,* 787 F.2d 477 (10th Cir. 1986) (a prosecution witness spoke to two other witnesses about their testimony); *United States v. Jimenez,* 780 F.2d 975 (11th Cir. 1986) (before testifying a government witness read the testimony of another witness from a prior mistrial); *United States v. Blasco,* 702 F.2d 1315 (11th Cir. 1983) (during an overnight recess, the prosecuting attorney met with two witnesses who were subject to the sequestration order); *Miller v. Universal City Studios, Inc., supra* (an expert witness was provided with a transcript of another witness' prior testimony); *United States v. Johnston,* 578 F.2d 1352 (10th. Cir.), *cert. denied,* 439 U.S. 931, 99 S. Ct. 321, 58 L. Ed. 2d 325 (1978) (the prosecution's second witness discussed the first witness' testimony with him).

Moreover, in *United States v. Buchanan, supra,* the court stated:

A failure to instruct the witnesses fully after the Rule is invoked may cause reversal. The witnesses should be clearly

---

[3] In *State v. Leong,* 51 Haw. 581, 583, 465 P.2d 560, 562 (1970), the supreme court indicated that there were ways, other than having witnesses remain in the courtroom, in which testimony may be shaped or fabricated. Six years later, in explaining the dictum in *Leong,* the court stated that it "certainly did not mean to approve methods of evading a trial court's [sequestration] order." *Harkins v. Ikeda,* 57 Haw. 378, 383, 557 P.2d 788, 792 (1976). In *Harkins,* the court stated that "to have a transcript or notes of testimony read to a witness who is under the rule" is a violation of the sequestration rule. *Id.*

directed, when the Rule is invoked, that they must all leave the courtroom (with the exceptions the Rule permits), and that they are not to discuss the case or what their testimony has been or would be or what occurs in the courtroom with anyone other than counsel for either side. *See* 3 Weinstein's Evidence 615-13. Counsel know, and are responsible to the court, not to cause any indirect violation of the Rule by themselves discussing what occurred in the courtroom with the witnesses.

787 F.2d at 485. Our trial courts should give the *Buchanan* instruction to witnesses when HRE Rule 615 is invoked and admonish counsel of their responsibilities thereunder.

We disagree with the State's assertion that "there was no violation of the exclusionary [sic] rule," and hold that what occurred in this case was a clear circumvention of HRE Rule 615. There was nothing wrong with the prosecuting attorney conferring with Officer Hoopii before the commencement of his cross-examination. However, Reuther should not have been permitted to be present at the conference where she overheard the entire conversation between the prosecuting attorney and Officer Hoopii and she "had a word or two."

## C.

Defendant claims that the State's violation of the HRE Rule 615 sequestration order required the trial court to declare a mistrial or strike Reuther's testimony. We disagree.

The rule is silent regarding the appropriate penalty in case of noncompliance with a sequestration order. *See* Commentary to HRE Rule 615. However, the supreme court has stated that "the sanctions which a court chooses to attach to the violation of its [sequestration] order is a matter within the discretion of the court." *Harkins v. Ikeda*, 57 Haw. 378, 384, 557 P.2d 788, 792 (1976).

The general rule is that noncompliance with a sequestration order under HRE Rule 615 does not require a new trial "unless the court's decision to allow the allegedly tainted testimony was an abuse of discretion or resulted in prejudice to the defendant." *United States v. Prichard*, 781 F.2d 179, 183 (10th Cir. 1986). The

defendant has the burden of proving that "there was either prejudice or an abuse of discretion." *Id.*

Here, Defendant has failed to show that he was prejudiced or that the trial court abused its discretion. A review of the record discloses that Reuther did not shape her testimony to conform to that of Officer Hoopii. The inconsistencies in the testimony of those two witnesses which defense counsel highlighted to the jury in his opening statement remained after both witnesses testified. The jurors heard Reuther's testimony on cross-examination about the conference between the prosecuting attorney and Officer Hoopii in the presence of Reuther. Also, although the closing arguments to the jury were not transcribed, we may reasonably presume that defense counsel discussed the alleged connivance of the prosecuting attorney and the State witnesses which he unveiled through cross-examination.

Accordingly, we hold that the violation of the sequestration order under HRE Rule 615 was harmless and the trial court did not abuse its discretion in denying Defendant's motion for mistrial and motion to strike Reuther's testimony.

### III.

Defendant argues that because of "the inconsistencies in the testimony of the complaining witness" and because "the verdict in this case was not supported by substantial evidence," the trial court erred in denying his motion for judgment of acquittal. We disagree.

In passing upon a motion for judgment of acquittal made after the jury returned its verdict of guilty, the trial court applies the following test:

> Whether upon the evidence, viewed in the light most favorable to the government, and giving full play to the right of the jury to determine credibility, weigh the evidence, and draw therefrom justifiable inferences of fact, a jury might fairly and rationally conclude beyond a reasonable doubt that the accused is guilty.

*State v. Lincoln,* 3 Haw. App. 107, 126, 643 P.2d 807, 820 (1982) (citations omitted).

Defendant claims that Reuther's trial testimony was inconsistent with the statements she made to Officer Hoopii at the time of the arrest, noting differences with respect to: (1) whether Reuther initially informed Officer Hoopii that Defendant had solicited sex from her, (2) whether the money that was stolen from Reuther was held in her right or left hand, and (3) the exact manner in which Reuther recovered the money from Defendant after he took it from her. Such inconsistencies are merely reflective of the overall credibility of Reuther's testimony, and the determination of witness credibility is strictly within the province of the jury. *State v. Bogdanoff,* 59 Haw. 603, 608, 585 P.2d 602, 606 (1978). Moreover, none of the alleged inconsistencies have any bearing upon proving the requisite elements of robbery in the second degree under HRS § 708-841(1)(a),[4] which are: (1) during the commission of a theft, (2) the accused used force against the victim (3) with the intent to overcome the victim's physical resistance.

Reuther's testimony, if deemed credible, constituted substantial evidence to support a guilty verdict. The jury believed Reuther and found Defendant guilty. In our view, the jury fairly and rationally concluded beyond a reasonable doubt that Defendant was guilty as charged. Therefore, the trial court did not err in denying Defendant's motion for judgment of acquittal.

Affirmed.

*Susan Arnett,* Deputy Public Defender (*Susan Barr,* Deputy Public Defender, on the briefs) for defendant-appellant.

*James M. Anderson,* Deputy Prosecuting Attorney, for plaintiff-appellee.

---

[4] *See* note 1, *supra.*