**\*\*\* FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-16-0000812
12-AUG-2021
09:04 AM
Dkt. 18 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

_____

ASSOCIATION OF OWNERS OF KALELE KAI,
Respondent/Plaintiff-Appellee,

vs.

HITOSHI YOSHIKAWA,
Petitioner/Defendant-Appellant.

_____

SCWC-16-0000812

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000812; CIVIL NO. 15-1-0102)

AUGUST 12, 2021

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY McKENNA, J.

## I.    Introduction

This certiorari proceeding addresses attorneys' fees and costs awarded to the Association of Owners of Kalele Kai ("Association") by the Circuit Court of the First Circuit ("circuit court") in connection with a dispute over whether Hitoshi Yoshikawa ("Yoshikawa") was allowed to moor his boat in

the Kalele Kai marina.  The circuit court granted the Association's motion for summary judgment, awarded attorneys' fees and costs, and entered final judgment in favor of the Association.  On appeal, the Intermediate Court of Appeals ("ICA") vacated the summary judgment but affirmed the related attorneys' fees and costs awards because Yoshikawa had not specifically addressed them in his appellate briefs.

Yoshikawa's application for certiorari ("Application") presents a single question: "Did the ICA commit grave error in vacating the Circuit Court's Final Judgment Order, thereby reversing summary judgment and remanding the case for further proceedings to the Circuit Court but refusing to vacate the underlying attorneys' fee award?"

We hold as follows: (1) when a judgment upon which attorneys' fees and costs were based has been vacated, attorneys' fees and costs arising out of that judgment should also be vacated; and (2) the ICA abused its discretion by limiting the issues on remand to prevent the circuit court from considering attorneys' fees and costs awarded based on the vacated summary judgment.

We therefore vacate in part the ICA's January 6, 2021 judgment on appeal to the extent it affirmed the $79,514.50 in attorneys' fees and costs awarded by the circuit court on

2

November 5, 2015, which arose from the vacated summary judgment.[1]

We also vacate the November 5, 2015 order of the circuit court

awarding fees and costs. We remand this case to the circuit

court for further proceedings consistent with this opinion.

## II. Background

## A. Arbitration and circuit court proceedings

The Association operated the Kalele Kai condominium project

in Hawai'i Kai, which included part of the Kalele Kai marina.

The Association's Declaration of Condominium Property Regime

("Declaration") provided that "boat moorings shall be restricted

to use by boats no larger than twenty-three (23) feet in

length[.]"

Yoshikawa owned a Kalele Kai condominium unit ("the

Apartment") and six appurtenant mooring spaces ("mooring

spaces"). In 2013, Yoshikawa purchased a boat 49 feet in

length, which he moored parallel to the dock in the mooring

---

[1] These fees and costs are reflected in Paragraph E.3 of the final judgment. Paragraph E of the final judgment contains four attorneys' fees and costs awards. The first two arise out of a discovery dispute and are not at issue. Paragraph E.3 concerns the $79,514.50 in fees and costs awarded on November 5, 2015 pursuant to the grant of summary judgment. Paragraph E.4 concerns an additional $21,180.35 in fees and costs awarded on January 5, 2016, which may include fees and costs arising out of the vacated summary judgment. At oral argument, Yoshikawa indicated that, on certiorari, he only seeks vacatur of the fees and costs in Paragraph E.3. As further discussed, this opinion does not preclude Yoshikawa from filing a motion on remand seeking vacatur of fees and costs in Paragraph E.4 to the extent they arise out of the vacated summary judgment. See infra text accompanying and notes 5 & 8.

spaces.  The Association issued a notice of violation demanding that Yoshikawa remove his boat.

The Association and Yoshikawa entered arbitration, and the arbitrator found in favor of Yoshikawa.[2]  The arbitrator deemed the Declaration's 23-foot limitation inapplicable due to a settlement agreement between the Association and Richard Rosic ("Rosic"), the previous owner of the Apartment and the mooring spaces.  The settlement agreement "authorized the subsequent owner to moor a boat in excess of 23 feet."  The arbitrator also found the Association had allowed other owners to keep boats in excess of 23 feet for at least a decade.

On January 21, 2015, the Association filed a complaint in the circuit court demanding a trial de novo, followed by a first amended complaint ("complaint") on February 20, 2015.[3]  Relevant to the issues on certiorari, the Association filed a motion for summary judgment on March 17, 2015, arguing Yoshikawa's boat exceeded the Declaration's length restriction.  A hearing was held on April 28, 2015, and the circuit court took the matter under advisement.[4]

---

[2]     Keith W. Hunter served as the arbitrator.

[3]     Trial de novo was demanded pursuant to Hawai'i Revised Statutes ("HRS") § 514B-163 (Supp. 2004), which provides in subsection (a) that "[t]he submission of any dispute to an arbitration under section 514B-162 shall in no way limit or abridge the right of any party to a trial de novo."

[4]     The Honorable Karen T. Nakasone presided.

The day after this hearing, Yoshikawa filed an answer to the complaint along with a counterclaim against the Association and a "cross-claim" against two new parties, who were Association board members ("counterclaim").  Yoshikawa's counterclaim asserted: breach of contract, breach of fiduciary duty, bad faith, intentional infliction of emotional distress, violations of the Restatement of Servitudes, "prima facia tort," abuse of process, misrepresentation, and violations of HRS Chapter 514B pertaining to "Condominiums."

The Association filed a motion to dismiss the counterclaim on May 27, 2015, which was heard on July 30, 2015.  On August 6, 2015, the circuit court entered its order dismissing Yoshikawa's counterclaim.

Then, on August 14, 2015, the circuit court entered findings of fact ("FOFs"), conclusions of law ("COLs"), and an order granting the Association's motion for summary judgment. The circuit court ordered Yoshikawa to remove his boat within ten days and permanently enjoined him from mooring the boat in the Kalele Kai marina.

On August 26, 2015, Yoshikawa filed a motion to stay the circuit court's order to remove the boat and/or to extend the deadline for removal.  The circuit court extended the deadline but denied a stay.  Also on August 26, 2015, Yoshikawa filed a

motion for leave to file an amended counterclaim/cross-claim, which the circuit court also denied.

On August 28, 2015, the Association filed a motion for attorneys' fees and costs totaling $84,093. The Association argued it was the prevailing party because the circuit court dismissed Yoshikawa's counterclaim and granted summary judgment in its favor. The Association maintained it was entitled to fees based on HRS § 514B-157 (Supp. 2004) and Yoshikawa's breach of contractual obligations under the Declaration. On November 5, 2015, the circuit court granted in part the Association's August 28, 2015 motion for attorneys' fees and costs, awarding a total of $79,514.50.

On November 13, 2015, the Association filed a motion for supplemental attorneys' fees and costs in the amount of $21,507 as the prevailing party on Yoshikawa's August 26, 2015 motions to stay the August 14, 2015 injunction and for leave to file an amended counterclaim/cross-claim.[5] The Association contended it had already established its entitlement to an award of attorneys' fees and costs as the prevailing party based on the circuit court's November 5, 2015 award of attorneys' fees. On

---

[5] The Association does not appear to have distinguished between fees and costs requested to obtain the injunction, which clearly arose from the vacated summary judgment, and for the denial of Yoshikawa's motion for leave to file an amended counterclaim/cross-claim.

January 5, 2016, the circuit court granted in part this motion for supplemental fees and costs, awarding $21,180.35.

On November 9, 2016, the circuit court entered its first amended final judgment in favor of the Association ("final judgment"), which included the November 5, 2015 and January 5, 2016 fees and costs awards.

**B.    ICA proceedings**

Yoshikawa filed a notice of appeal of the final judgment on November 16, 2016.  The notice of appeal included an appeal of the November 5, 2015 and January 5, 2016 fees and costs awards.

Yoshikawa's sole point of error in his appellate briefs was that the circuit court erred in granting summary judgment in favor of the Association.  Yoshikawa's briefs did not specifically address attorneys' fees and costs based on the grant of summary judgment or any other rulings reflected in the final judgment.

On December 8, 2020, the ICA issued a memorandum opinion vacating the final judgment with respect to the circuit court's grant of summary judgment.  AOAO Kalele Kai v. Yoshikawa, CAAP-16-0000812 (App. Dec. 8, 2020) (mem.).  The ICA determined the Association did not satisfy its summary judgment burden because of the settlement between Rosic and the Association and evidence that multiple Kalele Kai unit owners had "purchased and

reconfigured boat moorings to accommodate boats longer than 23 feet." AOAO Kalele Kai, mem. op. at 6-13.

The ICA affirmed the remainder of the final judgment, however, including the November 5, 2015 and January 5, 2016 awards of attorneys' fees and costs to the Association. AOAO Kalele Kai, mem. op. at 16. The ICA noted Yoshikawa's opening brief did not discuss attorneys' fees and costs. Id. The ICA further ruled it had "discretion to limit the issues to be decided on remand" and that the orders awarding attorneys' fees and costs, including those awarded pursuant to the November 5, 2015 and January 5, 2016 orders, were "not subject to litigation on remand." AOAO Kalele Kai, mem. op. at 16-17 (citing Miyamoto v. Lum, 104 Hawai'i 1, 10, 84 P.3d 509, 518 (2004)).

## III. Discussion

**A.  When a judgment upon which attorneys' fees and costs were based has been vacated, the attorneys' fees and costs should also be vacated**

Yoshikawa's Application presents a single question: whether the ICA erred in refusing to vacate the award of attorneys' fees. Yoshikawa argues the award of attorneys' fees should have been vacated because "once the underlying matter . . . is vacated or reversed, then the subsequent orders based on that are also considered reversed."

This court has previously ruled that an award of attorneys' fees is inappropriate where the underlying judgment is vacated.

8

We have held that a request for attorneys' fees is premature where the judgment on appeal vacates the circuit court's judgment and remands for further proceedings. O'Grady v. State, 141 Hawai'i 26, 31, 404 P.3d 292, 297 (2017). We have also held that there is no "prevailing party" for the purpose of attorneys' fees where the underlying judgment is vacated and remanded for further proceedings. Nelson v. Univ. of Hawai'i, 99 Hawai'i 262, 54 P.3d 433 (2002) (holding that a judgment on appeal that vacates a trial court judgment does not provide grounds for an award of attorneys' fees); see also Ass'n of Apt. Owners of Maalaea Kai, Inc. v. Stillson, 108 Hawai'i 2, 16, 116 P.3d 644, 658 (2005) (vacating the award of attorneys' fees after vacating the underlying judgment and remanding for further proceedings).

Other state courts are in accord. In Board of Managers of Warren House Condominium v. Pike, the New York Supreme Court, Appellate Division held that a vacatur order that nullified the underlying judgment's findings that the defendant had violated a condominium's bylaws "necessarily nullified as well the award of attorney's fees in the . . . judgment[.]" 46 A.D.3d 344, 344-45 (N.Y. App. Div. 2007) (emphasis added). Similarly, in Viets v. American Recruiters Enterprises, Inc., the Florida District Court of Appeal held, "Once the trial court vacated the dismissal of plaintiff's complaint, it was no longer possible to

identify the prevailing party.  Thus, vacating the attorney's fee award was mandatory."  922 So.2d 1090, 1096 (Fla. Dist. Ct. App. 2006) (emphasis added).

Federal courts also hold that awards of attorney's fees should be vacated if the underlying judgment is vacated or reversed.  In Dillard's Inc. v. Liberty Life Assurance Company of Boston, 456 F.3d 901, 903 (8th Cir. 2006), the Eighth Circuit vacated an award of attorney's fees after reversing the underlying judgment because "Dillard's [was] no longer the prevailing party[.]"  Similarly, in Department of Education, State of Hawai'i v. Rodarte, the United States District Court for the District of Hawai'i ruled that the "general rule is that attorneys' fees awarded for victory on the merits must be returned if a recipient loses on the merits on appeal.  An appellee is no longer a 'prevailing party' when a favorable judgment on the merits in a lower proceeding is reversed on appeal."  127 F.Supp.2d 1103, 1115 (D. Hawai'i 2000) (citing Lovell v. Poway Unified Sch. Dist., 90 F.3d 367 (9th Cir. 1996)) (vacating award of attorney's fees after reversing judgment on the merits).

Hence, in this case, because the ICA vacated summary judgment, the Association was no longer the prevailing party, and the attorneys' fees and costs awarded pursuant to the grant

10

of summary judgment should have also been vacated.  Further,

this result is required by HRS § 514B-157(a), which provides:

> All costs and expenses, including reasonable attorneys'
> fees, incurred by or on behalf of the association for:
> (1) Collecting any delinquent assessments
> against any owner's unit;
> (2) Foreclosing any lien thereon; or
> (3) <u>Enforcing any provision of the declaration</u>,
> bylaws, house rules, and this chapter, or the
> rules of the real estate commission;
> against an owner, occupant, tenant, employee of an owner,
> or any other person who may in any manner use the property,
> shall be promptly paid on demand to the association by such
> person or persons; <u>provided that if the claims upon which
> the association takes any action are not substantiated, all
> costs and expenses, including reasonable attorneys' fees,
> incurred by any such person or persons as a result of the
> action of the association, shall be promptly paid on demand
> to such person or persons by the association.</u>

(Emphases added.)

Pursuant to HRS § 514B-157(a), the Association may be

awarded attorneys' fees only if its claims are "substantiated."

Otherwise, the Association <u>must pay</u> the attorneys' fees of the

person it took action against.  Here, the Association's claims

have not been substantiated because the ICA vacated summary

judgment in favor of the Association.  Therefore, attorneys'

fees and costs awarded to the Association based on the grant of

summary judgment should also have been vacated when the ICA

vacated summary judgment.

The Association argues, however, that pursuant to Hawai'i

Rules of Appellate Procedure ("HRAP") Rule 28(b)(4) (2016), it

was within the ICA's discretion to disregard the issues

Yoshikawa failed to raise in his opening brief.  The ICA did not

directly cite to HRAP Rule 28, but it pointed out that Yoshikawa's opening brief did not argue the circuit court erred in granting attorneys' fees and costs.[6]

Granted, Yoshikawa could have argued which fees and costs awards he sought to have vacated, especially when the final judgment contained various fees and costs awards.[7]  Court rules, however, should not be applied in a formalistic manner.  See, e.g., United States v. Oaks, 508 F.2d 1403, 1405 (9th Cir. 1974) (noting that the United States Supreme Court has cautioned against an overly rigid or formalistic interpretation of the federal criminal rules).  In this case, it was clear that the November 5, 2015 attorneys' fees and costs award arose from the grant of summary judgment.  Thus, pursuant to the general rule, the ICA should also have at least ordered vacatur of those attorneys' fees and costs.  In the alternative, if the attorneys' fees and costs required to be vacated were unclear, the ICA could have remanded that determination to the circuit court.

---

[6]      HRAP Rule 28(b)(4) provides, in relevant part: "Points not presented [in the opening brief] in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."  Similarly, HRAP Rule 28(b)(7) provides, in relevant part: "Points not argued may be deemed waived."  Yoshikawa appealed the entire final judgment, including the subject attorneys' fees and costs awards, but did not specifically request that the fees and costs also be set aside.

[7]      See supra note 1.

**B.**   **The ICA abused its discretion by limiting the issues on remand to prevent the circuit court from considering attorneys' fees and costs awarded based on the vacated summary judgment**

Even if the ICA had not vacated attorneys' fees and costs related to the vacated summary judgment, on remand, Yoshikawa could have filed a Hawai'i Rules of Civil Procedure ("HRCP") Rule 60(b)(5) (2006) motion to vacate fees and costs awarded pursuant to the improper grant of summary judgment.[8]  The ICA also ruled, however, that it had discretion to limit the issues to be decided on remand and that the attorneys' fees and costs orders were not subject to litigation on remand.  AOAO Kalele Kai, mem. op. at 16-17.

As indicated by the ICA, Miyamoto, 104 Hawai'i at 10, 84 P.3d at 518, stands for the proposition that an appellate court has discretion to limit the issues to be decided on remand. AOAO Kalele Kai, mem. op. at 16.  Miyamoto, however, actually supports Yoshikawa's position.  Miyamoto was a negligence case in which this court held that "the issues of causation and

---

[8]   HRCP Rule 60(b)(5) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]

(Emphases added.)

13

damages are not 'sufficiently separate' to warrant limiting the new trial to only one of the issues."  Miyamoto, 104 Hawai'i at 10, 84 P.3d at 518.  As in Miyamoto, in this case, the order granting summary judgment and the award of attorneys' fees and costs based on that order are also not sufficiently separate — rather, they are inextricably intertwined.  Thus, the summary judgment and fees and costs awarded pursuant to it should not have been separated, and the ICA should have followed the general rule to vacate the related fees and costs.  Hence, the ICA also abused its discretion by preventing the circuit court, on remand, from addressing its awards of attorneys' fees and costs related to its erroneous grant of summary judgment.

## IV.  Conclusion

For these reasons, we vacate in part the ICA's January 6, 2021 judgment on appeal to the extent it affirmed paragraph E.3 of the circuit court's final judgment pertaining to the circuit court's November 5, 2015 order granting the Association attorneys' fees and costs of $79,514.50, and we also vacate that order.  We remand this case to the circuit court for further proceedings consistent with this opinion.[9]

---

[9]    See supra note 1.

James W. Rooney                    /s/ Mark E. Recktenwald
(Terrance M. Revere
with him on the briefs)            /s/ Paula A. Nakayama
for Yoshikawa
                                   /s/ Sabrina S. McKenna

John D. Zalewski
(Jana M. Naruse                    /s/ Michael D. Wilson
with him on the briefs)
for the Association                /s/ Todd W. Eddins

