**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000059
11-OCT-2024
08:11 AM
Dkt. 69 SO**

NO. CAAP-21-0000059

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


DAVID TARAN and RANDY TARAN, Plaintiffs-Appellants,
v.
RAYMOND L. LAGGER, an individual, Defendant-Appellee,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS,
DOE CORPORATIONS, and DOE GOVERNMENTAL UNITS and
OTHER ENTITIES 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC19100005K)


<u>**SUMMARY DISPOSITION ORDER**</u>
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

David Taran and Randy Taran (the **Tarans**) sued Raymond L. **Lagger** for unreasonably obstructing the view from their lot in Hualalai at Historic Kaʻupulehu, in violation of the subdivision's *Master **Declaration** of Protective Covenants, Conditions and Restrictions and Reservation of Easements*. The Tarans appeal from the Final Judgment for Lagger entered by the Circuit Court of the Third Circuit on January 20, 2021.[1] They challenge the November 20, 2020 order denying their motion for summary judgment and granting Lagger's motion for summary judgment; the December 21 2020 order denying their motion for reconsideration; and the December 30, 2020 order granting

_____

[1] The Honorable Wendy M. DeWeese presided.

Lagger's motion for attorneys fees and costs.  We vacate and remand for further proceedings.

The circuit court denied the Tarans' motion for summary judgment and granted Lagger's motion for summary judgment on November 20, 2020.  The court concluded that the Declaration's view restriction provision was ambiguous and unenforceable.  The court didn't rule on the other issues raised by the motions.

The Declaration's Article VI is titled *Use Restrictions*.  Paragraph 2.7 states:

> 2.7 <u>View Restrictions</u>.  Subject to the provisions of Article IX hereof,[2] no vegetation . . . shall be planted, constructed, or maintained on any Lot . . . in such location or of such height as to **unreasonably obstruct the view** from any other Lot . . . .  Each Owner, by accepting a deed to a Lot or Condominium, hereby acknowledges that any construction or installation by Declarant or a Developer may impair the view of such Owner, and hereby consents to such impairment.

(Emphasis added.)

The supreme court interpreted a similar restrictive covenant in <u>Gailliard v. Rawsthorne</u>, 150 Hawai'i 169, 498 P.3d 700 (2021).  The restrictive covenant in that case stated:

> Trees/Shrubs:  Trees, shrubs, bushes, hedges and all other plants on every lot shall be maintained at a reasonable height so as not to interfere with the viewplanes [sic] available to any other lot.

<u>Id.</u> at 172, 498 P.3d at 703.  Relying on <u>Hiner v. Hoffman</u>, 90 Hawai'i 188, 977 P.2d 878 (1999), Rawsthorne argued the phrase "reasonable height" was "ambiguous without a specific numerical measurement."  <u>Gailliard</u>, 150 Hawai'i at 179, 498 P.3d at 710.  The supreme court distinguished <u>Hiner</u>, in which the phrase "two stories in height" was held to be ambiguous because not all two-story homes are the same height; without a numerical measurement of what "exceeds" the permissible height limit, the covenant was unenforceable.  <u>Id.</u>  The supreme court held the "reasonable height" restriction in <u>Gailliard</u> was not ambiguous because:

---

2       Article IX is titled *Declarant's Rights and Exemptions*.

> [A] mechanical rule requiring that plants meet a specified numerical height would be ineffective in carrying out the intent of the Covenant. For example, a fifteen-foot height limit might protect the view planes of some lots while not adequately protecting the view planes of others. Additionally, a numerical height limit might have the adverse effect of allowing lot owners whose views are not impeded by their neighbors' plants to nonetheless require the "offending" neighbors trim their plants merely for exceeding the limit.

Id.

That reasoning applies here. The Declaration requires that owners plant and maintain their vegetation so it doesn't unreasonably obstruct the view from another lot. Lagger argues the restriction is ambiguous because it "does not define what constitutes an unreasonable obstruction." What is "reasonable" depends on the facts and circumstances of the case. See Flint v. MacKenzie, 53 Haw. 626, 628, 500 P.2d 556, 558 (1972) (stating that "what is 'a reasonable time' depends on the facts and circumstances of the particular case"). What is reasonable under the facts and circumstances is generally a question of fact. Id. at 633, 500 P.2d at 560 (Abe, J., concurring). For example, under paragraph 2.7, homeowners consent to developer-installed landscaping impairing their view. The Tarans' view being impaired by developer-installed landscaping may be a circumstance material to whether Lagger's landscaping unreasonably obstructs their view. The determination may require a site visit by the trier of fact, as in Gaillard, 150 Hawaiʻi at 179, 498 P.3d at 710. That doesn't make the phrase *unreasonably obstruct the view* ambiguous. The circuit court erred by granting Lagger's motion for summary judgment on that basis.

We express no opinion on the merits of the parties' other arguments, on which the circuit court did not rule.

Because Lagger is no longer the prevailing party, we vacate the award of attorneys fees and costs. Ass'n of Owners of Kalele Kai v. Yoshikawa, 149 Hawaiʻi 417, 421, 493 P.3d 939, 943 (2021).

The January 20, 2021 Final Judgment, the part of the November 20, 2020 order granting Lagger's motion for summary judgment, and the December 30, 2020 Order Granting Defendant Raymond L. Lagger's Motion for Award of Attorneys' Fees and Costs, Filed November 25, 2020, are vacated. This case is remanded for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, October 11, 2024.

On the briefs:

Francis L. Jung,
David H. Lawton,
Carol Monahan Jung,
for Plaintiffs-
Appellants.

Roy A. Vitousek III,
Amanda M. Jones,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge