NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000332
17-JUN-2025
08:09 AM
Dkt. 136 MO

NO. CAAP-22-0000332

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KAMAKAILA K. WAIPA, Plaintiff-Appellant/Cross-Appellee, v.
WAYLON-JIM CAMARA; COUNTY OF HAWAIʻI; CARSON TRAILER,
INC.; MILTON W. CAMARA, Defendants-Appellees,
and
JOHN DOES 2-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE LIMITED LIABILITY COMPANIES 1-10; DOE BUSINESS
ENTITIES 1-10; DOE GOVERNMENTAL ENTITIES 1-10; and
DOE UNINCORPORATED ASSOCIATIONS 1-10, Defendants,
and
DEXTER AXLE COMPANY, Defendant-Appellee/Cross-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC191000121)

MEMORANDUM OPINION
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Kamakaila K. **Waipa** appeals, and **Dexter** Axle Company
cross-appeals, from the April 19, 2022 *Final Judgment* for the
**County** of Hawaiʻi and Dexter entered by the Circuit Court of the
Third Circuit.[1]  Waipa challenges the circuit court's July 23,
2021 orders granting the County's and Dexter's respective motions
for summary judgment.  Dexter challenges the January 21, 2022
*Order Granting Plaintiff's Motion for Judicial Review of "Clerk's
Taxation of Costs."*  We affirm in part, vacate in part, and
remand for further proceedings.

_____

[1]  The Honorable Peter K. Kubota presided.

## I. BACKGROUND

On June 27, 2017, Waylon-Jim **Camara** was driving a **Dodge** pickup truck, towing a **Trailer**.  The Trailer's dual **Axles** had been manufactured by Dexter.  Camara was northbound on Hawaiʻi Belt Road.  He drove over a dip in the road.  He felt his truck shake.  He looked in his left mirror.  He saw the Trailer's running light and tail light in the southbound lane.  He realized the Trailer coupler had disconnected from the truck ball; only the safety chains attached the Trailer to the Dodge.  He tapped the brake.  He saw the Trailer in the passenger-side mirror.  It had swung to the other side of his truck.  He downshifted.  He felt his truck lift from the rear.  The Trailer went under the Dodge and flipped it onto the driver's side.  The Trailer came to rest in the southbound lane.  Other drivers parked alongside the road.  People came running over to help.  Then, said Camara, "the lady in the white car came around all of the cars that was parked and drove into the [T]railer."  The lady in the white car was Waipa.

Waipa sued Camara, the County, Dexter, and others on April 26, 2019.  Her complaint alleged that Camara, the County, and Dexter were negligent, and Dexter was strictly liable for a defective product.  Camara's father, Milton Camara, owned the Trailer and was later identified as a defendant.  The circuit court granted the Camaras' petition for approval of good-faith settlement, and the claims against them were dismissed.

The County and Dexter moved for summary judgment.  A trial date had not yet been set, so discovery remained open.  Waipa moved to continue the motions to allow her to conduct discovery, under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f).  Orders granting both motions for summary judgment and denying Waipa's HRCP Rule 56(f) motion were entered on July 23, 2021.

The circuit court clerk taxed $5,491.27 in costs against Waipa, at Dexter's request.  Waipa moved for judicial

review.  The court rescinded the taxation of costs by order entered on January 21, 2022.  The Final Judgment was entered on April 19, 2022.  This appeal and cross-appeal followed.

## II. POINTS OF ERROR

Waipa contends the circuit court erred by: (1) granting the County's motion for summary judgment; (2) granting Dexter's motion for summary judgment; and (3) denying her HRCP Rule 56(f) request to continue the motions for summary judgment to allow her to conduct discovery.

Dexter contends the circuit court erred by rescinding the clerk's taxation of costs: (1) without giving adequate reasons; and (2) in light of Dexter's HRCP Rule 68 offer of settlement.

## III. STANDARDS OF REVIEW

### A.   Summary Judgment

A grant of summary judgment is reviewed de novo. Ralston v. Yim, 129 Hawai'i 46, 55, 292 P.3d 1276, 1285 (2013). Summary judgment is appropriate if the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Id.  A fact is material if proof of that fact would establish or refute one of the essential elements of a party's cause of action or defense.  Id. at 55-56, 292 P.3d at 1285-86.  The evidence is viewed in the light most favorable to the non-moving party.  Id. at 56, 292 P.3d at 1286.

When (as here) the summary judgment movant does not have the burden of proof, it has the burden to show (1) there is no genuine issue of material fact on the essential elements of the claim or defense addressed by the motion, and (2) the uncontroverted facts entitle it to judgment as a matter of law. Ralston, 129 Hawai'i at 56, 292 P.3d at 1286.  It may satisfy its burden by either (1) presenting evidence negating an element of the non-movant's claim, or (2) demonstrating that the non-movant cannot satisfy its burden of proof.  Id. at 60, 292 P.3d at 1290.

3

Where the movant attempts to meet its burden through the latter means, it must show that the non-movant has not placed evidence in the record and that the non-movant will be unable to offer evidence at trial.  <u>Id.</u> at 60-61, 292 P.3d at 1290-91.  Thus, if discovery has not concluded, a summary judgment movant generally cannot just point to the non-moving party's lack of evidence to support its initial burden of production.  <u>Id.</u>

HRCP Rule 56(f) is the proper procedure to request more time to respond to a motion for summary judgment filed before the discovery deadline.  <u>Ralston</u>, 129 Hawaiʻi at 62, 292 P.3d at 1292.  Summary judgment should not be granted when there is still time for the non-movant to develop evidence to use at trial, unless it would be futile.  <u>Id.</u> at 63, 292 P.3d at 1293.

We review denial of an HRCP Rule 56(f) motion for abuse of discretion.  <u>Acoba v. Gen. Tire, Inc.</u>, 92 Hawaiʻi 1, 9, 986 P.2d 288, 296 (1999).  The requesting party must, by affidavit or declaration, demonstrate how postponement of a ruling on the motion would enable it, by discovery or other means, to rebut the movant's showing of no genuine issue of material fact.  <u>Id.</u> at 12, 986 P.2d at 299.  A general request for more time to complete discovery is inadequate.  <u>Id.</u>

**B.    Statutory Interpretation**

Interpretation of a statute is a question of law reviewed de novo.  <u>Barker v. Young</u>, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023).  We start with the statute's language; "implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself."  <u>Id.</u>  "The rules of statutory interpretation require us to apply a plain language analysis when statutory language is clear."  <u>Id.</u> at 149, 528 P.3d at 222.

C.    Taxable Costs

We review taxation of costs for abuse of discretion. Deutsche Bank Nat'l Tr. Co. v. Greenspon, 143 Hawaiʻi 237, 243, 428 P.3d 749, 755 (2018). Although the award of costs is discretionary, HRCP Rule 54(d) creates a strong presumption that costs will be awarded, and a court denying costs must explain why an award of costs would be inequitable unless the circumstances justifying the denial of costs are plain from the record. Id. at 248, 428 P.3d at 760.

## IV. DISCUSSION

A.    **The circuit court did not err by granting the County's motion for summary judgment and denying Waipa's HRCP Rule 56(f) motion.**

A plaintiff claiming negligence must show: (1) the defendant owed a legal duty to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) the defendant's breach of the duty; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff. Winfrey v. GGP Ala Moana LLC, 130 Hawaiʻi 262, 272, 308 P.3d 891, 901 (2013).

Waipa's theory of liability against the County was negligent failure to require that the Trailer have brakes. Waipa's expert witness, mechanical engineer Edward K. **Carrick**, opined: "When the trailer began to lose control, functioning trailer brakes would have corrected the trailer's movement[.] . . . With properly functioning service brakes on the trailer, braking by Camara would have activated the trailer brakes and the trailer would have slowed and moved back in line with the Dodge." With this framework, we discuss each element of the tort of negligence.

**(1)** The existence of a duty is a question of law, which we review de novo. Winfrey, 130 Hawaiʻi at 271, 308 P.3d at 900. Quoting Cootey v. Sun Investment, Inc., 68 Haw. 480,

5

485, 718 P.2d 1086, 1090 (1986), the County argues that imposing a tort duty under the circumstances of this case would subject it to "unmanageable, unbearable, and totally unpredictable liability."

In Cootey, the plaintiffs' property was flooded five times in fifteen months.  They blamed it on the development of a subdivision mauka of their property.  They sued the developer, the engineering firm that designed the subdivision, and the County of Hawaiʻi, which had granted final subdivision approval. The trial court directed a verdict for all defendants.  The supreme court held:

> The task of the government employees is to review the development plans submitted by the owner or developer *to assess compliance with the law*.  While *we do not condone negligence in the performance of this task*, neither do we believe that the government employees are required to conduct their own engineering studies to ensure the validity and correctness of the developer's plans.  To require the County to do so would place the County as an insurer of the adequacy of Sun Investment's plans, designs and installation of subdivision facilities.

68 Haw. at 486, 718 P.2d at 1091 (emphasis added).

Waipa cites Hawaiʻi County Code (**HCC**) §§ 24-88 and 24-89 (1983) as the source of the County's duty to require trailer brakes.[2]

**Section 24-88.  Brakes on all wheels required; exceptions.**

(a)   Every vehicle shall be equipped with brakes acting on all wheels except:

  (1)   Trailers, semi-trailers, or pole trailers of a gross weight not exceeding three thousand pounds, provided that:

    (A)   The total weight on and including the wheels of the trailer or trailers shall not exceed forty percent of the gross weight of the towing vehicle when connected to the trailer or trailers, and

---

[2]   Waipa also contends the County failed to comply with Hawaii Administrative Rules § 19-133.2-40, concerning trailer inspections, but that rule did not take effect until September 30, 2018, after Waipa's accident.

(B)     The combination of vehicles, consisting of the towing vehicle and its total towed load, is capable of complying with the performance requirements of section 24-97.

. . . .

**Section 24-89.  Automatic trailer brakes.**

Every trailer, semi-trailer, and pole trailer equipped with air or vacuum actuated brakes and every trailer, semi-trailer, and pole trailer with a gross weight in excess of three thousand pounds, manufactured or assembled after July 1, 1961, shall be equipped with brakes acting on all wheels and of such character as to be applied automatically and promptly, and remain applied for at least fifteen minutes, upon breakaway from the towing vehicle.

HCC § 24-97 contains these relevant requirements:

**Section 24-97. Performance ability of brakes.**

. . . .

(c)     Table of Required Brake Performance.

| Classification of Vehicles | | Braking force as a percentage of gross vehicle or combination weight | Deceleration in feet per second per second | Brake system application and braking distance in feet from an initial speed of 20 m.p.h. |
|---|---|---|---|---|
| . . . . | | . . . . | . . . . | . . . . |
| C-2 | Combination of a two-axle towing vehicle and a trailer with a gross trailer weight of 3,000 pounds or less | 43.5% | 14 | 40 |

Under <u>Cootey</u>, the County owes a duty to process trailer registration applications with reasonable care.  Carrick opined that the County should have required brakes for any trailer capable of carrying a load that, combined with the trailer's weight, exceeds 3,000 pounds.  <u>Cootey</u> does not support the proposition that the County owed a legal duty to base the HCC §§ 24-88 and 24-89 trailer brake requirements on the trailer's gross vehicle weight rating instead of the trailer's gross

7

weight.[3]  That is a legislative, not a judicial, function.  <u>See</u> Hawaiʻi County Charter, Art. III (2016); <u>State v. Augafa</u>, 92 Hawaiʻi 454, 470, 992 P.2d 723, 739 (App. 1999) (stating that "a court strays far from [its] function when it directs legislative bodies to adopt specific laws").

**(2)**  The County did not breach its duty.  The County Department of Motor Vehicles registered the Trailer on May 5, 2000.  The registered owner was Russell Acantilado, Sr.  The Trailer was not equipped with brakes.  It weighed 1,780 pounds. These facts are uncontroverted.  Because its gross weight did not exceed 3,000 pounds, the Trailer did not need to have brakes under HCC §§ 24-88 and 24-89.  The County did not breach its duty by registering the Trailer without requiring it to have brakes.

Relying on Carrick's opinions, Waipa argues that the County breached its duty because: (1) "Although the statutes state 'gross weight', as applied the county should have used gross vehicle weight rating instead"; and (2) "any trailer with an empty weight of 1,000 lbs . . . or more must have brakes installed as a condition of registration by the county." Carrick's first opinion admits the County enforced the statutes as written, which was the extent of its duty.  We also note that even if a trailer with a gross weight over 3,000 pounds had no brakes, the County is not authorized to require that the owner install brakes; the County's only authority is to reject the registration application.

Carrick's second opinion was based upon the HCC § 24-97 performance requirements.[4]  Those performance requirements are based on the combined weight of the trailer and its towing vehicle.  Under <u>Cootey</u>, the County is not required to conduct its own engineering studies to insure compliance with performance

---

[3]     "Gross vehicle weight rating" means "the value specified by the manufacturer as the loaded weight of a single vehicle."  Hawaii Revised Statutes § 286-201 (2020).

[4]     Carrick's report cited HCC § 24-88, but that section doesn't contain performance requirements.  HCC § 24-88(a)(1)(B) refers to HCC § 24-97, which contains the performance requirements.

requirements. There is no way for the County to know what vehicles will be used to tow a trailer. The second opinion is legally unsound.

**(3)** Even if the County shouldn't have registered the Trailer, the registration expired on May 4, 2001. It was never renewed. The record does not show when Milton Camara acquired the Trailer. But Waylon-Jim Camara testified, "my dad purchased it as a farm trailer, yeah." Camara knew the Trailer wasn't registered and understood it could not legally be operated on a public road. His Dodge was also unregistered, and did not have a current safety check at the time of the accident. Yet Camara illegally drove his Dodge, towing the unregistered Trailer, on the night of the accident. The record contains no evidence upon which a reasonable jury could find that the County's registration of the Trailer was a substantial factor contributing to Waipa's injuries seventeen years later. See Est. of Frey v. Mastroianni, 146 Hawaiʻi 540, 549-50, 463 P.3d 1197, 1206-07 (2020) (noting consistent application of "substantial factor" test to determine legal causation).

**(4)** HRCP Rule 56(f) (eff. 2000) provides:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Waipa's HRCP Rule 56(f) motion was supported by the affidavit of counsel. Waipa sought discovery "about the County's registration protocols and procedures in May 2000, in connection with the subject trailer." Waipa also wanted to redepose the person who authenticated documents offered to support the County's motion for summary judgment. Counsel's affidavit did not specify what "facts essential to justify [Waipa]'s opposition" Waipa hoped to discover, or what material facts established by the County's evidence they would controvert. See

9

Acoba, 92 Hawaiʻi at 12, 986 P.2d at 299 (stating that general request for more time to complete discovery was inadequate to support HRCP Rule 56(f) request).  Under the circumstances, the circuit court acted within its discretion by denying Waipa's HRCP Rule 56(f) motion.

> **B.  The circuit court erred by granting Dexter's motion for summary judgment.**

Waipa asserted (1) negligent design, (2) negligent failure to warn, and (3) strict products liability claims against Dexter.

**(1)(a) Duty.**  Dexter contended it did not owe a legal duty to Waipa.  Waipa argues that Dexter had a duty to install brakes on the Axles.  Dexter did owe a duty to Waipa, but Waipa's formulation of the duty is too narrow.

> Under Hawaiʻi law, plaintiffs in design defect cases may proceed on both a theory of negligence for negligent design and a theory of strict liability in tort for defective design.
>
> The plaintiff's burden in a negligent design claim is to prove that the manufacturer was negligent in not taking reasonable measures in designing its product to protect against a foreseeable risk of injury and the manufacturer's negligence was a legal cause of the plaintiff's injury.
>
> With respect to a claim of strict product liability, the plaintiff's burden is to prove (1) a defect in the product which rendered it unreasonably dangerous for its intended or reasonably foreseeable use; and (2) a causal connection between the defect and the plaintiff's injuries.
>
> Pursuant to either theory, it is the legal duty of manufacturers to exercise reasonable care in the design and incorporation of safety features to protect against foreseeable dangers.

Tabieros v. Clark Equip. Co., 85 Hawaiʻi 336, 354, 944 P.2d 1279, 1297 (1997) (cleaned up).

Under Tabieros, Dexter had a duty to take reasonable measures in designing the Axles to protect against a foreseeable risk of injury.  "An actionable duty is generally owed to foreseeable plaintiffs subjected to an unreasonable risk of harm created by the actor's negligent conduct."  Seibel v. City &

Cnty. of Honolulu, 61 Haw. 253, 257, 602 P.2d 532, 536 (1979). Here, Waipa was a foreseeable plaintiff because a negligently designed axle, incorporated into a trailer that could be used on a public road, could place other users of the road in danger of harm.

**(b) Breach.** As to Dexter, Carrick opined:

> In order to exercise reasonable care under the circumstances, the subject axles should have been manufactured and distributed by Dexter with brakes already installed.
>
> . . . .
>
> The design of the Dexter axles was below the standard of care because neither of the axles was equipped with brakes despite their individual GAWR[5] of 3,500 lbs.

Carrick supported his opinion by referring to Dexter's Applications Manual, which states:

> Dexter recommends that all axles be equipped with <u>brakes</u>. For trailers used in commerce, the trailer axle(s) must be equipped with brakes unless the GAWR of the trailer axle is less than 3000 pounds and the hitch load imposed on the towing vehicle does not exceed 40% of the towing vehicles GVWR. . . .
>
> . . . .
>
> Commercial trailers must comply with the requirements of the Federal Motor Carrier Safety Regulations as prescribed by the U.S. Department of Transportation which calls for brakes on each wheel for most applications. Consult the regulations that pertain to the type of trailer being built.
>
> The recommended practice for any trailer design would be to use brakes on all axles. The use of trailer brakes can help prolong the life of the tow vehicle brakes as well as provide for safer operation.

Viewed in the light most favorable to Waipa, there was a genuine issue of material fact about whether Dexter's design of an axle, with a GAWR of 3,500 pounds, without brakes, breached its duty to take reasonable measures in designing its axles to

---

[5] GAWR is an acronym for *gross axle weight rating*. According to Dexter's product literature, GAWR is "[t]he value specified by the vehicle manufacturer as the load carrying capacity of the axles in a system, as measured at the tire-ground interfaces. This includes the wheels and tires."

protect against a foreseeable risk of injury to persons such as Waipa.

**(c) Causation.** Carrick, who purports to be an accident reconstructionist, opined that "it is much more likely than not that proper trailer brakes would have controlled the trailer and prevented the initial [Dodge] and [Trailer] crash, eliminating the crash with the Toyota." Viewed in the light most favorable to Waipa, there was a genuine issue of material fact about whether Dexter's failure to include brakes on the Axles was a legal cause of Waipa's injuries from the June 27, 2017 accident.

The circuit court erred by granting summary judgment on Waipa's negligent design claim.

**(2)** Under Hawaiʻi law, "a manufacturer has a two-fold duty to provide (1) adequate instructions for safe use of the product; and (2) warnings as to the dangers inherent in improper use of the product." Acoba, 92 Hawaiʻi at 15, 986 P.2d at 302. "[A] manufacturer must give appropriate warning of any known dangers which the user of its product would not ordinarily discover." Ontai v. Straub Clinic & Hosp. Inc., 66 Haw. 237, 248, 659 P.2d 734, 743 (1983).

Waipa argues that Dexter had a duty to warn trailer manufacturers that brakes may be required depending on the use to which the axles were put. The argument was supported by Carrick's opinion that a warning sheet or label containing the warning should have been distributed with the axles. That evidence created a genuine issue of material fact about whether Dexter, having manufactured axles without brakes, should have warned users of its axles — such as trailer manufacturers — of the potential need for brakes. The circuit court erred by granting summary judgment on Waipa's negligent failure to warn claim.

**(3)** To prove strict product liability, Waipa must show (1) a defect in the Axles which rendered them unreasonably dangerous for their intended or reasonably foreseeable use, and (2) a causal connection between the defect and her injuries.

Acoba, 92 Hawaiʻi at 16, 986 P.2d at 303. Waipa can establish a defect using three approaches: (1) the *consumer expectation* test; (2) the *risk-utility* test; and (3) the *latent danger* test. Id. at 17, 986 P.2d at 304. "Generally, whether a product is unreasonably dangerous is a question for the trier of fact." Id.

A product is defective under the *consumer expectation* test if "it failed to perform as safely as an <u>ordinary user of the product would expect</u> when used in an intended or reasonably foreseeable manner, including reasonably foreseeable misuses." Tabieros, 85 Hawaiʻi at 367, 944 P.2d at 1310. Here, Camara's use of the Trailer equipped with the brake-less Axles was reasonably foreseeable. There was a genuine issue of material fact whether the Axles were defective under the consumer expectation test.

A product is defective under the *risk-utility* test if the product's design was a legal cause of the injuries and the risk of danger inherent in the design outweighs the benefits of the design. Tabieros, 85 Hawaiʻi at 367, 944 P.2d at 1310. Viewed in the light most favorable to Waipa, Carrick's opinions and Dexter's product literature raised a genuine issue of material fact about whether dangers inherent in Dexter's design of the 3,500-pound GAWR Axles without brakes outweighed the benefits of the design.

A product is defective under the *latent danger* test if use of the product in an intended or reasonably foreseeable manner (including reasonably foreseeable misuses) involves a substantial danger not readily recognizable by an ordinary user of the product, and the manufacturer fails to give adequate warnings of the danger. Tabieros, 85 Hawaiʻi at 367, 944 P.2d at 1310. We concluded that Dexter was not entitled to summary judgment on Waipa's negligent-failure-to-warn claim. Carrick's opinions also raise genuine issue of material fact about whether the Axles were defective under the latent danger test.

The circuit court erred by granting summary judgment for Dexter on Waipa's strict products liability claim. We need

not address the circuit court's denial of Waipa's HRCP Rule 56(f) request.

### C. Dexter's cross-appeal is moot.

We are vacating the order granting Dexter's motion for summary judgment and the Final Judgment as to Dexter. Thus, Dexter's cross-appeal on the denial of costs is moot. Cf. Ass'n of Owners of Kalele Kai v. Yoshikawa, 149 Hawaiʻi 417, 420, 493 P.3d 939, 942 (2021) (stating that "an award of attorneys' fees is inappropriate where the underlying judgment is vacated").

### V. CONCLUSION

The circuit court's July 23, 2021 *Order Granting Defendant County of Hawaiʻi's Motion for Summary Judgment* and *Order Denying Plaintiff's Rule 56(f) Motion* are affirmed.

The July 23, 2021 *Order Granting Defendant Dexter Axle Company's Motion for Summary Judgment as to All Counts Against Dexter of Plaintiff Kamakaila K. Waipa's Complaint* is vacated.

The April 19, 2022 *Final Judgment* is affirmed in part as to the County of Hawaiʻi and vacated in part as to Dexter Axle Company. This case is remanded to the circuit court for further proceedings consistent with this memorandum opinion. Waipa's motion for retention of oral argument is denied.

DATED: Honolulu, Hawaiʻi, June 17, 2025.

On the briefs:

Stanley H. Roehrig,
Nathan P. Roehrig,
for Plaintiff-Appellant/
Cross-Appellee
Kamakaila K. Waipa.

Lincoln S.T. Ashida,
Brian W. Tilker,
Jacob A. Kamstra,
for Defendant-Appellee/
Cross-Appellant
Dexter Axle Company.

Steven K. Idemoto,

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

Deputy Corporation Counsel,
County of Hawaiʻi,
for Defendant-Appellee
County of Hawaiʻi.