**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000290
25-JUN-2025
08:23 AM
Dkt. 78 SO**

NOS. CAAP-21-0000470 and CAAP-21-0000290

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**No. CAAP-21-0000470**
HONOKAʻA LAND COMPANY, LLC, a Hawaiʻi limited
liability company, Plaintiff-Appellant, v.
BOTEILHO HAWAII ENTERPRISES, INC., a Hawaiʻi
corporation; EDWARD BOTEILHO, JR.; DUTCH-HAWAIIAN
DAIRY FARMS, LLC, a Hawaiʻi limited liability company;
MAUNA KEA MOO, LLC, a Hawaiʻi limited liability company;
KEES C.J. KEA; CORNEL A. KEA; MALENA A. KEA, Defendants-
Appellees, and DOES 1-50, Defendants

and

**No. CAAP-21-0000290**
HONOKAʻA LAND COMPANY, LLC, a Hawaiʻi limited
liability company, Plaintiff-Appellant, v.
BOTEILHO HAWAII ENTERPRISES, INC., a Hawaiʻi
corporation; EDWARD BOTEILHO, JR.; DUTCH-HAWAIIAN
DAIRY FARMS, LLC, a Hawaiʻi limited liability company;
MAUNA KEA MOO, LLC, a Hawaiʻi limited liability company;
KEES C.J. KEA; CORNEL A. KEA; MALENA A. KEA, Defendants-
Appellees, and DOES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-20-0000266)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

**Honokaʻa Land** Company, LLC appeals from the March 22,
2021 *Final Judgment re: Specific Performance* for **Boteilho Hawaii**
Enterprises, Inc. and Edward **Boteilho**, Jr.; and the July 21, 2021
***Final Judgment*** for Boteilho Hawaii, Boteilho, **Dutch-Hawaiian**

Farms LLC, **Mauna Kea** Moo, LLC, Kees Kea, Cornel Kea, and Malena Kea, both entered by the Circuit Court of the Third Circuit.[1]  We vacate the March 22, 2021 and July 21, 2021 judgments and remand to the Circuit Court for entry of an order dismissing Count I of Honokaʻa Land's complaint as moot, and for further proceedings on Count II consistent with this summary disposition order.

This case involves the Clover Leaf **Dairy**.  It was operated by Boteilho Hawaii on land under **Lease** from the **State** of Hawaiʻi.  In January 2017 Boteilho Hawaii and Honokaʻa Land signed a **Contract** for Honokaʻa Land to purchase the Dairy for $2 million.  In January 2020 Boteilho Hawaii agreed to sell the Dairy to Kees Kea for $700,000.  On July 9, 2020, Honokaʻa Land sued Boteilho Hawaii for breach of contract (Count I), and Boteilho, Dutch-Hawaiian, Mauna Kea, and the Keas for tortious interference with contractual relations (**TICR**) (Count II).  Honokaʻa Land sought specific performance of the Contract, damages, costs, and attorney fees.

Boteilho Hawaii and Boteilho moved for partial summary judgment on Honokaʻa Land's specific performance claim, which was part of Count I (**MPSJ**).  The Circuit Court granted the MPSJ and purported to enter a Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(b)-certified judgment.  Honokaʻa Land's appeal created Judiciary Information Management System (**JIMS**) No. CAAP-21-0000290.

Dutch-Hawaiian and Mauna Kea then moved for summary judgment (**MSJ**).  Boteilho Hawaii and Boteilho joined in the MSJ. The Circuit Court granted the MSJ and awarded attorney fees to Boteilho Hawaii, Boteilho, Dutch-Hawaiian, and Mauna Kea.  The Final Judgment was entered on July 21, 2021.  Honokaʻa Land's appeal created JIMS No. CAAP-21-0000470.  We consolidated the appeals.

Honokaʻa Land contends that the Circuit Court erred by: (1) granting the MPSJ; (2) certifying its order granting the MPSJ

---

[1]     The Honorable Robert D.S. Kim presided.

under HRCP Rule 54(b); (3) granting the MSJ; and (4) awarding attorney fees.

On November 21, 2022 (after briefing was completed), Boteilho Hawaii filed a petition for Chapter 11 bankruptcy.  In re Boteilho Haw. Enters., Inc., No. 22-00827  (Bankr. D. Haw. 2022).  Boteilho Hawaii's reorganization plan was approved, it received a discharge, and the bankruptcy case was closed on March 31, 2025.  We ordered supplemental briefing about the effect Boteilho Hawaii's discharge had on the issues presented by these appeals.  Honoka‘a Land and Dutch-Hawaiian and Mauna Kea filed supplemental briefs.  Boteilho Hawaii and Boteilho joined in Dutch-Hawaiian and Mauna Kea's supplemental brief.

Honoka‘a Land's breach-of-contract claim against Boteilho Hawaii (Count I) was rendered moot by Boteilho Hawaii's discharge in bankruptcy.  We address whether the Circuit Court erred by granting summary judgment for Boteilho, Dutch-Hawaiian, Mauna Kea, and the Keas on Honoka‘a Land's TICR claim, and by awarding attorney fees and costs to Boteilho Hawaii, Boteilho, Dutch-Hawaiian, and Mauna Kea.

**Summary Judgment.**  We review a grant of summary judgment de novo.  Ralston v. Yim, 129 Hawai‘i 46, 55, 292 P.3d 1276, 1285 (2013).  Summary judgment is appropriate if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Id.  A fact is material if proof of that fact would establish or refute one of the essential elements of a party's cause of action or defense.  Id. at 55-56, 292 P.3d at 1285-86.  The evidence must be viewed in the light most favorable to the non-moving party — Honoka‘a Land.  Id. at 56, 292 P.3d at 1286.

To prove Boteilho, Dutch-Hawaiian, Mauna Kea, and the Keas tortiously interfered with the Contract, Honoka‘a Land had the burden to show: **(1)** the Contract between Honoka‘a Land and Boteilho Hawaii; **(2)** the defendants' knowledge of the Contract; **(3)** the defendants' intentional inducement of Boteilho Hawaii to breach the Contract; **(4)** absence of justification on the

defendants' part; **(5)** the subsequent breach of the Contract by Boteilho Hawaii; and **(6)** damages to Honokaʻa Land.  See Weinberg v. Mauch, 78 Hawaiʻi 40, 50, 890 P.2d 277, 287 (1995).

When (as here) the summary judgment movants do not have the burden of proof, they have the burden to show (1) Honokaʻa Land cannot prove the essential elements of its claim for TICR; and (2) the uncontroverted facts entitle them to judgment as a matter of law.  Ralston, 129 Hawaiʻi at 56, 292 P.3d at 1286. They can satisfy their burden by either (1) presenting evidence negating an element of Honokaʻa Land's claim, or (2) showing that Honokaʻa Land cannot satisfy its burden of proof at trial.  Id. at 60, 292 P.3d at 1290.

We initially note that Kees Kea, Cornel Kea, and Malena Kea neither moved for summary judgment nor joined in Dutch-Hawaiian and Mauna Kea's motion for summary judgment.  The Circuit Court thus erred by entering the Final Judgment for the Keas.

Dutch-Hawaiian and Mauna Kea argued it was the law of the case that there was no enforceable contract between Honokaʻa Land and Boteilho Enterprises to purchase the Dairy.  They relied on the order granting Boteilho Enterprises' MPSJ.  The MPSJ argued Honokaʻa Land wasn't entitled to *specific performance* because it couldn't show it was ready, willing, and able to perform under the Contract.  It did not argue there was no contract — it actually attached a copy of the Contract to its motion — or that the Contract was unenforceable or had been terminated.

Honokaʻa Land opposed the MPSJ with a declaration from the president of its sole member.  He stated that Honokaʻa Land was ready, willing, and able to tender the purchase price under the Contract.  He also stated that Honokaʻa Land was ready, willing, and able to apply for State approval of an assignment of the Lease.  Boteilho's declaration supporting the MPSJ stated that the State Board of Land and Natural Resources had consented to assignment of the Lease "subject to Honokaʻa Land providing

4

financing for the purchase." Thus, there was a genuine issue of material fact about whether Honoka'a Land was ready, willing, and able to perform under the Contract. The Circuit Court erred by granting the MPSJ. As a matter of law, the order granting the MPSJ should not have formed the law of the case.

Honoka'a Land submitted a declaration opposing the MSJ that authenticated the Contract and showed Honoka'a Land's part performance of the Contract (deposit of $55,000 into escrow). Viewed in the light most favorable to Honoka'a Land, the Contract was a valid contract. See Ralston, 129 Hawai'i at 56, 292 P.3d at 1286.

The MSJ also argued: Dutch-Hawaiian and Mauna Kea couldn't know the terms of the Contract because there was no actual contract; they couldn't induce the breach of the Contract because there was no actual contract; their contracting with Boteilho Enterprises to acquire the Dairy was justified because there was no contract between Honoka'a Land and Boteilho to sell the Dairy; Boteilho did not breach the Contract; and Honoka'a Land cannot prove it was damaged because it cannot prove the existence of the Contract or the sale price. The only evidence offered to support these arguments was the transcript of the hearing on the MPSJ (apparently to establish the law of the case) and Honoka'a Land's June 10, 2019 letter notifying Boteilho Hawaii it breached the Contract. Dutch-Hawaiian and Mauna Kea failed to sustain their burden as MSJ movant to show there was no contract to sell the Dairy to Honoka'a Land, that they didn't induce Boteilho Hawaii to breach the Contract, that Honoka'a Land had no damages, or that Honoka'a Land couldn't sustain its burden to prove TICR. The Circuit Court erred by granting the MSJ.

**Attorney Fees.** We vacate the award of attorney fees to Boteilho Hawaii, Boteilho, Dutch-Hawaiian, and Mauna Kea because we are vacating the March 22, 2021 and July 21, 2021 judgments. Ass'n of Owners of Kalele Kai v. Yoshikawa, 149 Hawai'i 417, 420, 493 P.3d 939, 942 (2021) (stating that "an award of attorneys' fees is inappropriate where the underlying judgment is vacated").

The Circuit Court's March 22, 2021 *Final Judgment re: Specific Performance* and July 21, 2021 *Final Judgment* are vacated. This case is remanded to the Circuit Court for entry of an order dismissing Count I of Honokaʻa Land's complaint as moot and further proceedings on Count II consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, June 25, 2025.

On the briefs:

Lisa Strandtman,
Shawn Maile Nakoa,
for Plaintiff-Appellant
Honokaʻa Land Company,
LLC.

David J. Minkin,
Jordan K. Inafuku,
Alan M. Okamoto,
James H. Kunimura,
for Defendants-Appellees
Boteilho Hawaii Enterprises,
Inc. and Edward Boteilho, Jr.

Francis L. Jung,
David H. Lawton,
Carol Monahan Jung,
Emil A. Macasinag,
for Defendants-Appellees
Dutch-Hawaiian Dairy Farms,
LLC and Mauna Kea Moo, LLC.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge